## MARTIN *v.* MARKS.

1. The act of March 3, 1857 (11 Stat. 251), confirmed to the several States their selections of swamp lands, which had then been reported to the Commissioner of the General Land-Office, so far as the lands were then "vacant and unappropriated, and not interfered with by an actual settlement" under existing laws.

2. The selections so confirmed could not be set aside, nor could titles to any of the land which they embraced, unless it came within the exceptions mentioned in that act, be thereafter conveyed by the United States to parties claiming adversely to the swamp-land grant.

ERROR to the Supreme Court of the State of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Edward C. Ingersoll* and *Mr. F. P. Cuppy* for the plaintiff in error.

*Mr. Thomas J. Durant* and *Mr. C. W. Hornor,* contra.

MR. JUSTICE MILLER delivered the opinion of the court.

This was an action in the nature of ejectment, brought by Marks, the plaintiff below, who asserted title under the swamp-land act of Sept. 28, 1850, and the earlier act of March 2, 1849, in regard to the same class of lands in the State of Louisiana. The defendant relied on a patent from the United States, dated May 20, 1873. The evidence of plaintiff's title under the act of 1850, which is all we shall now consider, is as follows: —

"NORTH-WESTERN DISTRICT, LA.

"A. — List of swamp land unfit for cultivation, selected as inuring to the State of Louisiana under the provisions of an act of Congress approved 28th September, 1850, excepting such as are rightfully claimed or owned by individuals.

"To. 20 N., R. 14 W., west side of Red River.

| Parts of section. | Section. | Area. | Estimated area. | Remarks. |
|---|---|---|---|---|
| All of.................................... | 7 | | 640.00 | |

"SURVEYOR-GENERAL'S OFFICE,
"DONALDSONVILLE, LA., May 18, 1852.
"Examined and approved.
　　　　　　　(Sig.)　　　　　　"R. W. BOYD,
　　　　　　　　　　"*Surveyor-General, La.*"

To this was attached a certificate of S. S. Burdett, Commissioner of the General Land-Office, dated Department of the Interior, General Land-Office, April 30, 1875, that the foregoing was truly copied from a list of the swamp lands returned to that office by the surveyor-general of Louisiana. This was followed by sufficient evidence of title under the State of Louisiana. Neither this certificate nor any thing in the record shows precisely when this list was filed in the General Land-Office at Washington.

In *Emigrant Company* v. *County of Wright* (*supra*, p. 339) we had occasion to comment on the failure of the Secretary of the Interior to make out and certify to the States lists of the swamp lands to which they were severally entitled, and the

expedients to which they were compelled to resort to obtain the evidence of their title to those lands. We also held in previous cases that, when this was ascertained and the lands were identified by proper authority, the title related to the date of the grant, namely, Sept. 28, 1850, and superseded any subsequent grant or evidence of title issuing from the United States. *Railroad Company* v. *Smith*, 9 Wall. 95; *French* v. *Fyan et al.*, 93 U. S. 169.

The above certificate of what took place in the office of the surveyor-general shows what was the course adopted in Louisiana to secure the identification and lists of swamp lands in that State, and a similar course was elsewhere pursued. But these selections, though approved by the surveyor-general, who was merely a local officer, still lacked the authentication of the Secretary of the Interior, to whom alone Congress had confided the duty of confirming them, or making them for himself.

It will be observed that the selection in the present case was approved by the surveyor-general in May, 1852. It seems that, seven years after the passage of the swamp-land grant, this failure of the Secretary to act had become a grievance, for which Congress deemed it necessary to provide a remedy, by the act of March 3, 1857 (11 Stat. 251), which declares that the selection of swamp and overflowed lands granted to the States by the act of 1850, heretofore made and reported to the Commissioner of the General Land-Office, so far as the same shall remain vacant and unappropriated, and not interfered with by an actual settlement under any existing law of the United States, be and the same are hereby confirmed, and shall be approved and patented to the States in conformity to the provisions of said act.

If the paper signed by the surveyor-general, dated May 18, 1852, was on file in the General Land-Office at Washington, March 3, 1857, we have no doubt that the act completed and made perfect the title of the State of Louisiana to the land in controversy. If this were so, the title of the plaintiff below was superior to the patent issued subsequently to the defendant; for after the passage of that act the Land Department had no right to set aside the selections. The approval of them and the issue of patents to the State were mere ministerial acts,

in regard to which that department had no discretion, unless it was found that the lands were not vacant, or had been actually settled on adversely to the swamp-land claim. The act of 1850 was a present grant, subject to identification of the specific parcels coming within the description; and the selections confirmed by the act of 1857 furnished this identification, and perfected the title.

But, as we have said, there is in the record no conclusive evidence that this selection was on file in the General Land-Office at the passage of the act. It had been filed with and approved by the surveyor-general in Louisiana in 1852, and was found in that office when a copy was applied for in 1875. If objection had been taken to this defect of proof on the trial, the plaintiff would probably have been required to show when this list was reported to the commissioner. But no such objection was then made. Sitting here as an appellate court, two removes from that which tried the case originally, we hold: 1, that the jury or the court, if the latter tried the issue of fact, had a right to presume that the surveyor-general did his duty, and forwarded this list to the General Land-Office some time between May, 1852, and March 3, 1857; and, 2, that this question of evidence is not of that Federal character which authorizes us to review the decision of the Supreme Court of Louisiana upon it.

*Judgment affirmed.*