### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1880, IN THE SIXTY FIFTH YEAR OF THE STATE.

The Cleveland, Columbus, Cincinnati and Indianapolis R. W. Co. *v.* Bowen, Administrator.

Practice.—*Special Interrogatories.*—*Supreme Court.*—Under section 336, 2 R S. 1876, p. 171, a jury can only be required to answer special interrogatories conditionally upon their finding a general verdict, and then only when so instructed by the court, upon the request of one or both of the parties. The submission of interrogatories to the jury is a judicial act, and the record ought in some way to show affirmatively that the interrogatories were submitted to the jury in the manner and under the circumstances contemplated by the statute, before any question can be made upon such interrogatories in the Supreme Court.

From the Madison Circuit Court.

*A. C. Harris*, for appellant.

*H. W. Harrington*, for appellee.

Niblack, C. J.—This was a suit by Cornelius Bowen, administrator of the estate of Edward Bowen, deceased,

(478)

against the Cleveland, Columbus, Cincinnati and Indianapolis Railway Company, for causing the death of the said Edward Bowen.

The complaint charged that the decedent was acting as a brakeman on one of the defendant's trains, and that, by reason of the negligent and improper construction of a culvert, a portion of the defendant's road-bed was washed out, making a large gap into which the train was precipitated, thereby killing him, the decedent, while on duty as such brakeman.

A jury to which the cause was submitted returned a general verdict for the plaintiff, assessing his damages at five hundred dollars, with answers to thirty-two special interrogatories propounded to them by the defendant. The defendant moved for judgment in its favor, upon the answers to the special interrogatories, notwithstanding the general verdict, but the court overruled that motion and rendered judgment in favor of the plaintiff, upon the general verdict.

The only error assigned is upon the overruling of the appellant's motion for judgment in its favor, as above stated.

The appellee insists that the special interrogatories and answers thereto, relied on by the appellant, are not properly in the record, and that hence no question can arise upon them in this court.

After copying the general verdict returned by the jury, the record continues:

"And said jury also return into open court their answers to the interrogatories propounded by the defendant herein, in these words :" Then follow the interrogatories, with the answers thereto, in their proper order according to their respective numbers.

The statute in relation to verdicts of juries, and providing for the submission to them of what are usually denominated special interrogatories, is as follows :

" In all actions the jury, unless otherwise directed by the court, may in their discretion render a general or special verdict; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues; and in all cases, when requested by either party, shall instruct them, if they render a general verdict, to find specially upon particular questions of fact to be stated in writing. This special finding is to be recorded with the verdict." 2 R. S. 1876, p. 171, sec. 336.

It will thus be seen, that a jury can only be required to find specially upon particular questions of fact conditionally upon their finding a general verdict, and then only when so instructed by the court, upon the request of one or both of the parties. In other words, that it is only under special and particular circumstances that juries are authorized to find specially upon particular questions of fact to be submitted to them in writing.

We are of the opinion, that in cases like this, where it is claimed that special interrogatories have been submitted to, and answered by, the jury, the record ought, in some way, to show affirmatively, that the interrogatories were submitted to the jury in the manner, and under the circumstances, contemplated by the statute. If the courts were authorized, at their discretion, to submit interrogatories upon mere questions of fact, in all cases, we might be justified in assuming, where interrogatories have been answered and returned into court, that they had been properly submitted to the jury; but, however that might be, we think a stricter rule ought to be observed, where the authority of the courts in that respect is limited and special. It is to our minds quite evident, that the record of a cause ought not to be encumbered by, nor the attention of this court required to, interrogatories which are not shown to have been considered by the court and properly sent to the jury.

The submission of interrogatories to the jury constitutes a judicial act, concerning which sóme appropriate record ought to be made, if any question is to be made upon such interrogatories in this court. There is nothing in the record before us to show that the interrogatories purporting to have been propounded by the appellant were ever, in any manner, considered by the court, or by it submitted to the jury.

Our conclusion is that those interrogatories are not in the record in such a way as to raise any question in this court upon them, or upon any of the answers to them. *Ogle* v. *Dill*, 61 Ind. 438; *Killian* v. *Eigenmann*, 57 Ind. 480; *Hodgson* v. *Jeffries*, 52 Ind. 334; *Brooker* v. *Weber*, 41 Ind. 426; *Malady* v. *McEnary*, 30 Ind. 273.

The judgment is affirmed, with costs.