Hervey v. Parry et al.

No. 8952.

## HERVEY v. PARRY ET AL.

VENDOR AND PURCHASER.—*False Representations.— Answer.— Duplicity.— Motion to Separate into Paragraphs.—Practice.*—To a complaint to foreclose a mortgage, it was answered, in a single paragraph, that the mortgage debt was for the difference in an exchange of farms with the mortgagee, and that, to induce the contract, the mortgagee made certain false representations concerning his farm (which were relied on), as to the quantity of timber land, the quantity of cleared land, the situation and capabilities of a cranberry marsh, the productiveness of the farm; that, as to the timber land, it was less valuable by $500, as to the cranberry marsh, it was less valuable by $500, and as to productiveness as a fruit farm, it was less valuable by $1,000, than it was represented, and that, by reason of false representations as to the ordinary produce of the land, the defendants were damaged $400. It was also averred that $100 was allowed and paid to the mortgagee for a growing wheat crop, which he was to take care of and did not, whereby it was lost, to the damage of defendants $300, and that he carried away and sold the farm bell, to the damage of the defendants $75.

*Held,* that the answer was good on demurrer.

*Held,* also, that a refusal to require the separation of the answer into three paragraphs was available error.

PLEADING.—*Harmless Error.*—When the general denial is in, there is no error in striking out another paragraph which is merely its equivalent.

CHANGE OF VENUE.—*Jurisdiction.—Presumption.—Practice.*—When a change of venue has been taken from the judge, and another judge appointed takes jurisdiction of the cause, under whose order it is continued, and on the twelfth day of the next term, and before the regular judge, the party who obtained the change is permitted, over objection, to withdraw his application therefor, and the cause is subsequently tried before the regular judge, the record being silent as to the presence of the judge appointed, it will be presumed that he had abandoned the cause, and there is no error.

VERDICT.—*Special Findings.—Interrogatories to Jury.*—The refusal to render judgment on special findings, notwithstanding a general verdict, is not available error, when the record does not show that the court submitted the interrogatories to the jury.

From the Marshall Circuit Court.

*G. R. Chaney, J. D. McLaren* and *A. C. Capron,* for appellant.

*H. Corbin* and *O. M. Packard,* for appellees.

BICKNELL, C. C.—This was a suit for foreclosure by the assignee of a mortgage against the mortgagors and a junior encumbrancer.

Matilda Parry and one Swanback exchanged farms. Charles F. Parry, the husband of Matilda, was her agent in making the exchange. The Parrys gave Swanback two notes to boot, and secured the notes by a mortgage; the notes and mortgage were assigned by Swanback to the appellant, who brought this suit thereupon against the appellees.

The junior encumbrancer was defaulted; no question arises as to him.

Parry and wife answered jointly, admitting the execution and assignment of the notes and mortgage, but alleging false and fraudulent representations of Swanback, relied on by them, as to the productiveness of his farm, and the quantity of timber land, and the number of acres cleared, and the situation and capabilities of a certain cranberry marsh, and that, by the false representations as to the cleared land and as to the timber land, the farm was less valuable than as represented by $500; that, by reason of the false representations as to the cranberry marsh, the land was less valuable than as represented to the amount of $500; that, by reason of the false representations as to the productiveness of the farm as a fruit farm, the land was less valuable by $1,000, than it was represented to be; and that, by reason of the false representations as to the ordinary farming produce of the land, the appellees were damaged $400.

The answer also avers that the Parrys were to pay, as part of the price of the land, and did pay to Swanback, $100 for twenty acres of growing wheat, which Swanback was to take care of and did not do it, whereby the wheat was destroyed and the appellees were damaged thereby $300, and that Swanback, after the sale, carried off and sold the farm bell, to their damage $75. The appellees offer, in this answer, to set off the above damages to the amount of the notes sued on, and they demand a judgment for costs.

It will be observed that this answer contains three distinct defences, viz.: The false representations, the breach of contract as to the wheat, and the price of the farm bell.

And it will be observed, as to the false representations, that, although the notes were given for part of the price of the land, it is not stated what that was, nor what the real value of the land was, nor what its value would have been had the representations been true.

A demurrer to this answer for want of facts sufficient, etc., was overruled. A motion by plaintiff that the defendants separate their answer into three paragraphs was overruled.

The plaintiff filed a reply in three paragraphs, to wit:

"1st. The general denial.

"2d. That the defendants, by their agent, represented to the plaintiff that said notes were 'gilt edged,' and would be paid at maturity, and that there was no set-off or other defence to them; and that thereby the defendants are estopped, etc.

"3d. That said representations were made after the bargain had been concluded, and were made at the request of the defendants to enable them to sell the land or borrow money upon it; wherefore they are estopped," etc.

This third paragraph of reply was struck out. The defendants then filed an affidavit for a change of judge, which was granted, and the Hon. Daniel Noyes, judge of the 32d Circuit, was appointed in place of Judge Keith, and he accepted the appointment, and took jurisdiction of the cause, and ordered the same to be continued at the defendants' costs. At the next term of the court Judge Keith being upon the bench, and the record not showing that Judge Noyes was absent, or had in any way lost or abandoned his jurisdiction of the cause, the appellees were permitted by Judge Keith, over the objection and exception of the plaintiff, who appeared specially for that purpose, to withdraw their affidavit and application for a change of judge; and, Judge Keith having thus assumed jurisdiction, the plaintiff, again appearing specially, filed a demurrer to the jurisdiction of said judge,

which demurrer was overruled. The issues were tried by a jury, who returned a verdict for the defendant, together with interrogatories and their answers thereto, as follows:

" 1st. Was C. F. Parry acting as the agent of Mrs. Matilda Parry in the negotiations between herself and Swanback? Ans. Yes.

" 2d. Did C. F. Parry visit the land, and make an examination of the same, before the execution of the deeds? Ans. Yes.

" 3d. Was anything done by Swanback at the time C. F. Parry was on the farm to prevent Parry from making a full and careful examination of it? Ans. No.

" 4th. Did C. F. Parry, after examining the farm receive information that the farm was not as good a farm as had been represented to him, and that he should 'keep his eyes peeled?' Ans. Yes.

" 5th. Were there not verbal representations made by Swanback as to the products of the farm substantially the same as those contained in the written statements? Ans. Yes.

" 5½. Had not C. F. Parry learned that the verbal representations were untrue? Ans. Yes.

" 7th. Did not C. F. Parry have good reason to know before the execution of the deed by Swanback, that a portion of the representations put in writing by Swanback, as to the products of the farm, was not true? Ans. No.

" 8th. Had not C. F. Parry, before the execution of the deed by Swanback, come to the deliberate conclusion that there was something radically wrong about the farm, and that it was not capable of producing the amount of fruit products stated in the written statement? Ans. No.

" 9th. Had not all the terms of the exchange of lands, as to the amount of boot money to be paid by the Parrys, been agreed upon before the Parrys asked for the written statement? Ans. Yes.

" 10th. Were not the written statements procured partially for the purpose of assisting the Parrys in getting a loan of money on the land as security? Ans. No.

" 11th. Was Swanback at any time notified by the Parrys that they intended to rely on the statements he made as to the products of the farm? Ans. Yes.

" 12th. Did Swanback at the time he executed the written statements know, or had he been informed, that defendants were intending to rely on the statements as an inducement to their completing the exchange of lands? Ans. Yes."

The plaintiff moved for judgment upon the answers to the interrogatories, notwithstanding the general verdict, which motion was overruled.

The plaintiff moved for a new trial for several reasons, of which the first was irregularity in the proceedings of the court by which the plaintiff was prevented from having a fair trial before a judge having jurisdiction of this cause. The motion for a new trial was overruled.

The plaintiff also moved in arrest of judgment for want of jurisdiction in the court, and because the answer did not state facts sufficient to constitute a defence to the action. And this motion was overruled. Judgment was rendered upon the verdict and the plaintiff appealed.

The errors assigned are as follows:

" 1st. The court erred in overruling the demurrer to the answer.

" 2d. The court erred in overruling the motion that the answer be separated into paragraphs.

" 3d. The court erred in striking out the third paragraph of the reply.

" 4th. The court erred in permitting the appellees to withdraw their application for a change of venue, after the cause had been assigned to Judge Noyes, and he had taken jurisdiction thereof, and rendered a judgment in said cause.

" 5th. The court erred in overruling the appellant's special plea or demurrer to the jurisdiction of Judge Keith, in said cause after the same had been assigned by him to Judge Noyes, on the appellees' affidavit and motion for a change.

" 6th. The court erred in overruling the appellant's motion

for judgment in his favor upon the answers to the interrogatories, notwithstanding the general verdict.

" 7th. The court erred in overruling appellant's motion for a new trial.

" 8th. The court erred in overruling appellant's motion in arrest of judgment."

As to the first error assigned, the appellant claims that the answer was insufficient, because the representations were so extravagant that no sensible man ought to rely upon them, and that they were, at most, mere enhancements of value, upon which no purchaser had a right to rely. It is true, that, as between buyer and seller, mere recommendations or depreciations of property amount to nothing, and mere expressions of opinion by either party amount to nothing; in such cases the purchaser must take care of himself, and a false affirmation by the seller as to a matter plainly within the observation of the purchaser, and which by the use of ordinary diligence he might have ascertained, will not support an action or a defence. The law gives no indemnity against the consequences of indolence or folly, or a careless indifference to the ordinary and accessible means of information. 2 Kent's Com., p. 485; Kennedy v. Richardson, 70 Ind. 524.

But the averments of the answer in the case at bar were not mere affirmations of value nor expressions of opinion; the averments, especially as to the quantity of the timbered land and the quantity of the cleared land, were of matters presumably within the knowledge of Swanback, and not presumably within the knowledge of the Parrys, and they had a right to rely on such representations, and were not bound to ascertain the quantities by survey.

In Kennedy v. Richardson, supra, an answer was held sufficient in which the representation was that the land contained 665 acres, when in fact it contained only 636 acres. In a case like this, where the answer states precisely the damages sustained by the false representations, it is not a valid objection

that the answer fails to state the price of the land, or what its value would have been had the representations been true.

There was no error in overruling the demurrer to the answer.

But the court erred in refusing to require the answer to be separated into paragraphs; it contained several defences. Practice Act, section 56, clause 3; *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297.

There was no error in striking out the third paragraph of the reply; it was equivalent to a denial, and the general denial was already in.

The fourth and fifth errors relate to the action of the court in assuming jurisdiction of the cause, over the objection of the appellant, after a change of judge had been granted, and after the new judge had taken jurisdiction.

The same cause is also stated as the first cause for a new trial.

It appeared that the new judge had accepted his appointment, and had assumed jurisdiction, and had continued the cause until the next term, and that on the twelfth day of the next term, the appellees, over the objection of the appellants, were permitted by the circuit judge, to withdraw their affidavit and application for a change of judge, and that, on the thirty-second day of the term, the cause was tried before the circuit judge, over the objection of the appellants. The appellants claim that this action of the circuit judge, without anything in the record to show that the new judge had lost his jurisdiction, was unwarrantable. But this court is of opinion that the fair presumption is, that the new judge had failed to appear up to the twelfth day of the term, and had abandoned the cause. Then it would have been proper for the circuit judge to appoint another judge; but the necessity for that was waived by the withdrawal of the application for a change of judge, and the subsequent trial of the cause before the circuit judge, in the absence of his appointee, on the thirty-second day of the term was right. *Singleton* v. *Pidgeon*, 21 Ind. 118; *Hutts* v. *Hutts*, 51 Ind. 581.

The sixth error assigned, which alleges inconsistency between the verdict and the answers to the interrogatories, presents no question, because there is nothing in the record to show that the interrogatories were considered by the court or submitted to the jury by the court.

The circumstances under which alone a jury is authorized to find specially upon particular questions of fact, when they find a general verdict, are not shown by the record to have existed in this case. Practice Act, section 336; *Cincinnati, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478.

As the cause must be reversed for the error of the court in overruling the appellant's motion to separate the appellees' answer into paragraphs, it is unnecessary to consider the other errors assigned.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, with instructions to the court below to sustain the appellant's motion that the answer of the appellees be separated into paragraphs, and for further proceedings.