Watkins *v*. Pickering *et al.*

----

No. 10,915.

## WATKINS *v*. PICKERING ET AL.

DRAINAGE.—*Petition for Location of Ditch.—Names of Owners of Land Affected.*— A petition for the establishment of a ditch under the provisions of the act of March 9th, 1875, need not contain the names of the owners of the land affected by such proposed ditch.

SAME.—*Remonstrant.—Costs.*—When, in such proceeding, a remonstrator remonstrates on the ground that the same will not be of public utility,

and such issue is found against him in the circuit court, he is properly taxed with the costs of such issue.

SAME.—*Damages.*—When he remonstrates on the ground that he will sustain damages, and such issue is found against him before the board of commissioners, and in his favor on appeal, he is entitled to costs upon such issue.

PRACTICE.—*Interrogatories to Jury.—Verdict.*—In order to predicate a motion for judgment upon answers of the jury to interrogatories notwithstanding the general verdict, it must affirmatively appear that such interrogatories were submitted to the jury by the court.

From the Montgomery Circuit Court.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for appellant.

*P. S. Kennedy, W. T. Brush* and *E. C. Snyder,* for appellees.

BEST, C.—The appellee Mary Pickering filed her petition before the commissioners of Montgomery county to establish a ditch in pursuance of the provisions of the act of March 9th, 1875.

Pending these proceedings the appellant, whose land will be affected by the establishment of the proposed ditch, filed his application for damages, and also remonstrated on the ground that such ditch would not be of public utility or conducive to the public health. Reviewers were appointed and reported in favor of the proposed ditch and against the appellant upon the question of damages. This report was approved and the ditch established.

The appellant appealed to the circuit court and there made an unsuccessful motion to dismiss the proceedings, after which the issues were tried by a jury, and a verdict, with answers to interrogatories, was returned in favor of the establishment of the proposed ditch, and assessing the appellant's damages at $25. Motions for judgment *non obstante veredicto,* and for a new trial, were overruled, and judgment was entered upon the verdict. Various motions were made by appellant to tax costs to the appellee Mary Pickering and to the board of commissioners, all of which were overruled, and all these rulings are assigned as error.

It is insisted that the petition was insufficient, and that for this reason the court erred in refusing to dismiss the proceedings. Two objections are made to the petition. The first is that it does not contain the names of the owners of land affected by the ditch, and the second is that the route and terminus of the ditch are not given.

The answer to the first objection is that the statute does not require such petition to contain the names of the owners of land to be affected by the establishment of such ditch. It requires such petition to be signed by one or more of the land-owners whose lands will be affected by, or is liable to be assessed for the expenses of constructing such ditch, and requires it to set "forth the necessity thereof, with a general description of the proposed starting point, route, and terminus." This is all the petition must contain. The requirement that the petition must be "signed by one or more of the land-owners," etc., does not make it necessary to state the names of those who do not sign, but simply authorizes one or any number to file the petition. This is rendered certain by the latter portion of the second section, which requires the auditor, after the viewers have made their report, to give notice of the pendency and prayer of such petition, "which notice shall contain a pertinent description of the terminus of such proposed work, its direction and course from its source to its outlet, and the names of the owners of the lands that will be affected thereby."

The petition states the necessity and gives a general description of the starting point, route and terminus, and after the viewers have ascertained the lands affected by such ditch, the auditor gives notice containing a pertinent description of the ditch and the names of the owners of the land. It is, therefore, apparent that the statute does not require the petition to state the names of the owners of lands affected by the ditch, and hence there is nothing in the first objection.

The second objection is equally untenable, for the reason that the petition does state the starting point, the route and

terminus of the ditch. The motion to dismiss the proceedings was, therefore, properly overruled.

It is next insisted that the court erred in overruling the motion for judgment upon the answers of the jury to the interrogatories notwithstanding the general verdict.

These interrogatories do not appear to have been submitted to the jury by the court. The record is entirely silent upon this question. After the general verdict, interrogatories with answers by the jury thereto are copied into the record, but there is no entry that these were submitted to the jury by the court, and under these circumstances the same can not be considered a part of the record, as has heretofore been decided by this court. *Cleveland, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478; *Hervey* v. *Parry,* 82 Ind. 263.

No question, therefore, arises upon this ruling.

It is also insisted that the court erred in overruling the various motions of appellant to tax costs. The court in rendering judgment apportioned the costs, awarding to appellant the costs made on the issue as to damages, and to the appellee Mary Pickering, costs on the other issue, and refused to tax the costs of the case to the board of commissioners or the costs of the review before the board of commissioners to the appellee Mary Pickering. This was right. The remonstrance of the appellant was not sustained, and by statute he is liable for such costs as were made upon such issue. Sections 6, 7, 1 R. S. 1876, p. 430.

No error was, therefore, committed in overruling these various motions.

This disposes of all the questions discussed, and as no error appears in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Oct. 17, 1883. Petition for a rehearing overruled Dec. 21, 1883.