Filed April 15, 1884.

---

No. 11,296.

## AIKEN v. ISING.

INTERROGATORIES TO JURY.—*When Part of Record.*—Interrogatories will not be considered a part of the record unless it affirmatively appears that they were submitted by the court to the jury.

SAME.—*Evidence.—Verdict.—Damages.—Supreme Court.*—Where it does not appear that interrogatories were thus submitted, an answer that $30 of an item not sufficiently proved was allowed will not be considered, and if the evidence as to the other items is sufficient to support the general verdict, the damages assessed will not be deemed excessive.

From the Superior Court of Vanderburgh County.

*C. Denby* and *D. B. Kumler*, for appellant.

*J. Brownlee*, for appellee.

BEST, C.—This action was brought by the appellee against the appellant upon an account, consisting of various items, amounting to $334.75, among which was an item of $73.50, alleged to have been paid by the former to the latter by the mutual mistake of the parties as to the quantity of cultivated land in a farm for which the appellee was paying rent, and through such mistake he paid the appellant $73.50 more than was due him.

The appellant answered in denial, payment, and a set-off, amounting to $249.66. The answers of payment and set-off were denied, the issues were tried by a jury, and a verdict returned for the appellant for $131.75, upon which, over a motion for a new trial, for the alleged reasons that the verdict was not sustained by the evidence, and the damages assessed were excessive, final judgment was rendered.

The ruling upon the motion for a new trial is assigned as error.

The first reason embraced in the motion is not urged, as it is conceded that under the rules of this court the judgment can not be disturbed on such ground.

The second is relied upon. The jury, in answer to an interrogatory, stated that they allowed $30 on account of the money alleged to have been paid by mistake as to the quantity of land cultivated in the farm, and the appellant insists that there was no evidence whatever of any mistake of the parties, and, therefore, the allowance of such sum rendered the damages excessive.

The evidence in this case, aside from this item, is sufficient to support the verdict, and in order to reach the conclusion that the damages are excessive, it must affirmatively appear that $30 of this item entered in the general verdict. This does not appear otherwise than by the answer of the jury to

the interrogatory, and if these interrogatories are not a part of the record, then this fact does not appear, and the damages can not be considered excessive.

The request to submit these interrogatories, the interrogatories and their answers, are copied in the record immediately after the general verdict, but it nowhere appears that they were submitted to the jury by the court, and for this reason, as has several times been decided, they can not be regarded as a part of the record. *Cleveland, etc., R. W. Co. v. Bowen,* 70 Ind. 478; *Hervey v. Parry,* 82 Ind. 263.

In the absence of these interrogatories, it does not appear that any portion of this item was allowed, and as the evidence in support of the other items was sufficient to support the verdict, the damages assessed do not appear excessive. The motion for a new trial can not be disturbed on this ground, and as the record presents no other question, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.

Filed Jan. 24, 1884. Petition for a rehearing overruled March 28, 1884.