No. 11,469.

THE CINCINNATI, HAMILTON AND DAYTON RAILROAD COMPANY v. HEIM.

97 525
161 191

SUPREME COURT.—*Record.*—*Bill of Exceptions.*—*Summons.*—Where all defendants appear, the summons and return can only be brought into the record by bill of exceptions or special order; so, also, a pleading which has been struck out, and instructions given or refused which do not appear to have been filed.

SAME.—*Practice.*—*Verdict.*—*Interrogatories.*—Unless it appears by the record that the court has sent interrogatories to the jury, the answers thereto will not be considered by the Supreme Court.

From the Fayette Circuit Court.

R. D. Marshall and T. D. Evans, for appellant.

J. W. Connaway, R. Conner and H. L. Frost, for appellee.

BLACK, C.—The appellee brought his action in the Union

Circuit Court against the appellant, the complaint being in two paragraphs, both under the statute, one for killing and the other for injuring a mule owned by the plaintiff.

A motion to quash the summons and return and a demurrer to the complaint were overruled. An answer was filed, the second paragraph of which was struck out on the plaintiff's motion. Issues having been formed, the venue was changed to the Fayette Circuit Court, where the cause was tried by a jury. The verdict was in favor of the plaintiff, and with it the jury returned answers to interrogatories ˙propounded by the defendant. A motion made by the defendant for judgment on the answers to interrogatories, notwithstanding the general verdict, was overruled. The court also overruled a motion made by the defendant for a new trial, and rendered judgment on the verdict.

The state of the record in relation to the motion to quash the summons and return is the same as that of the record in the case of *Cincinnati, etc., R. R. Co.* v. *Leviston, ante,* p. 488, at this term, except that that case originated before a justice, and except that in the case at bar the summons and return were not set out in the bill of exceptions, which contained the written motion, but which, for the summons and return, referred to a page of the transcript where the clerk had inserted them.

The statute, section 650, R. S. 1881, excepts from the papers which are to be deemed parts of the record the "summons for the defendant, where all the persons named in it have appeared to the action."

The failure to insert the summons and return in a bill of exceptions would prevent our consideration of the motion to quash, if there were no other reason; but if they had been so inserted in the bill filed, we could not regard the question as before us, for the reason stated in the opinion in the case above mentioned.

Under the assignment that the court erred in overruling the demurrer to the complaint, the same questions have been

discussed that were decided under a similar assignment in the case to which we have referred, and upon the authority of that case we must hold that there was no error in overruling the demurrer.

The paragraph of answer which was struck out was not made part of the record by bill of exceptions or order of court. Therefore, no question concerning that ruling is before us. *Stott* v. *Smith,* 70 Ind. 298.

It does not, in any manner, appear that the interrogatories to which the jury returned answers were submitted by the court to the jury. Therefore, we can not consider any question which the appellant seeks to present under the assignment that the court erred in overruling the motion for judgment on said answers, notwithstanding the general verdict. *Cleveland, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478; *Elliott* v. *Russell,* 92 Ind. 526.

It was assigned as a cause in the motion for a new trial, that the verdict was not sustained by sufficient evidence. Upon examination we find that we can not disturb the conclusion upon the evidence, reached by the jury and the trial court. The motion for a new trial contained certain instructions, the giving of which to the jury was assigned as cause for a new trial, and other instructions, for the refusal to give which to the jury a new trial was asked.

The truth of the statement, in a motion for a new trial, of any action of the court assigned therein as a cause, must be otherwise shown by the record. No instructions, given or refused, are shown by bill of exceptions. The instructions refused are nowhere shown except in the motion for a new trial. The clerk has inserted in the transcript certain instructions as having been given by the court to the jury, with the signature of the judge at the end thereof. They do not otherwise appear except in the motion for a new trial. It is properly contended by the appellee that these instructions are not part of the record, because it is not shown that they were filed. *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110; *Elliott*

v. *Russell, supra.* Neither the instructions given, nor those refused, can be examined. The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion the judgment is affirmed, at the costs of the appellant.

