Filed Dec. 17, 1884.

———————————◆———————————

No. 9280.

HAMILTON v. SHOAFF.

| 99 | 33 |
| 130 | 172 |
| 99 | 63 |
| 141 | 208 |
| 99 | 63 |
| 144 | 640 |
| 99 | 63 |
| 158 | 390 |

INTERROGATORIES TO JURY.—*Submission.—General Verdict.*—Answers by the jury to interrogatories, where it does not appear by the record that the interrogatories had been, by the court, submitted to the jury, can not override a general verdict.

SAME.—*Harmless Error.*—To refuse to send interrogatories to the jury, answers to which could not overrule or antagonize a general verdict, is a harmless error.

EVIDENCE.—*Records.*—Parol evidence of the contents of a public record is inadmissible.

SAME.—The contents of a book kept in another State, called a "transfer-book," not shown to be a public record, are not admissible in evidence against one who did not make the entries therein.

SAME.—*Swamp Lands.— Judicial Knowledge.— Title.*—Courts take judicial knowledge of the act of Congress of September 28th, 1850, granting swamp lands to the States, and a patent for such lands from the United States to the State of Iowa, dated in 1869, is sufficient proof of title in that State at the date of the act of Congress.

SAME.—*Deed.—Breach of Covenant.—Seizin.*—In a suit for breach of covenant of seizin in a deed, the plaintiff by his evidence showed a chain of deeds beginning with one from K., made in 1868, and extending to the defendant, and then title in the State of Iowa granted by the United States in 1850.

*Held,* that title in the State of Iowa in 1850 was not inconsistent with title

in K. in 1868, and, therefore, this evidence failed to show a breach of
the covenant, the burden of which, under an answer of general denial,
was on the plaintiff.

From the Superior Court of Allen County.

*A. A. Chapin,* for appellant.

*R. S. Robertson* and *J. B. Harper,* for appellee.

BLACK, C.—The appellant sued the appellee for breach of
the covenant of seizin in a deed of conveyance of certain
land situated in Palo Alto county, Iowa, executed by the ap-
pellee to the appellant.

The complaint showed the conveyance for a valuable con-
sideration and the covenant, exhibited the deed, denied the
defendant's seizin, and alleged that the paramount title was
in other persons, not named.

There was an answer of general denial, and the issue thus
formed was tried by a jury. A general verdict for the de-
fendant, with answers to interrogatories, was returned. The
plaintiff's motion for judgment on these answers to interrog-
atories, and his motion for a new trial, were overruled. The
rulings upon these motions are assigned as errors.

The record does not show that the interrogatories to which
answers were returned were considered by the court, or by it
submitted to the jury. Under many decisions of this court,
based upon the statute, we are not required to examine the
action of the court in overruling the motion for judgment.
*Cleveland, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478; *Cincin-
nati, etc., R. R. Co.* v. *Heim,* 97 Ind. 525.

It does appear that the plaintiff asked the court in writ-
ing to require the jury, if they should return a general ver-
dict, to answer three certain interrogatories, and that the court
refused to submit these interrogatories or either of them to
the jury. This refusal was assigned as a cause for a new
trial. These questions related to matters as to which there
was no evidence. Without regard to the fact that the inter-
rogatories answered do not appear to have been submitted to

Hamilton v. Shoaff.

the jury by the court, inasmuch as the jury could not properly return any answers to these questions which were submitted to the court that could override or help to override the general verdict or in any way affect the result reached, the appellant was not harmed by the refusal to submit these questions to the jury.

Some of the causes assigned in the motion for a new trial related to the suppression of certain parts of the depositions of Thomas Walsh and William E. Cullen. It appeared in evidence that the appellee, who conveyed the land in question to the appellant on the 1st of November, 1877, derived his title through a deed executed to him August 18th, 1873, by Allen P. Shoaff, to whom a deed of conveyance was executed December 12th, 1870, by J. W. VanMyers, whose title came to him by a deed of conveyance executed to him by C. H. Kingsley, June 8th, 1868.

There was also introduced in evidence by the plaintiff a quitclaim deed for said land executed by Chauncey H. Kingsley and wife to one Charles C. Smeltzer, on the 21st of October, 1869.

The purpose of the parts of the deposition suppressed was to show the date of the filing for record of said last mentioned deed in the recorder's office of said county.

The witness Walsh was the recorder of deeds of said county of Palo Alto. He, having produced a book in his possession, as such recorder, marked " General Index of Deeds " on the back, was examined as follows :

" Q. 2. Please turn to this index, under the letter K, and see if there is any entry of the indexing of a deed from Kingsley, C. H., to C. C. Smeltzer, and if there is, state what it is ? A. There is, which is as follows : Under the head of grantor, Kingsley, C. H., to C. C. Smeltzer, grantee ; date of filing Nov. 23, 1869; date of instrument Oct. 21st, 1869 ; character of instrument, quitclaim ; then record book C, page 225 ; description, S. W. ¼ of 7—97—31, with other land.

" Q. 3. Compare your answer to question 2, and see if it compares strictly with the record in the index.   A. It does so compare."

The witness Cullen was examined concerning the same book, as follows :

" Q. 2. Turn to this original index, and state if you find any entry of a deed from Kingsley, C. H., to C. C. Smeltzer, and if so, what it is?   A. I do, and it is as follows : Under the head of grantor, Kingsley, C. H.; grantee, C. C. Smeltzer ; date of filing Nov. 23d, 1869 ; date of instrument Oct. 21st, 1869 ; character of instrument, quitclaim ; where recorded, book C. 225.; description, S. W. ¼ 7—97—31, with other lands.

" Q. 3. Examine your answer to question 2 and see if it compares with the record in the index.   A. It does compare."

The answers of these two witnesses, which we have quoted, were struck out.  Such an official record in another State can not be proved in this State by parol evidence of its contents, but it may be proved by a copy thereof.  Whether it must be proved by a copy authenticated as provided for by the act of Congress on that subject, or may be proved by an examined copy set forth in a deposition, we need not decide, for we think that the answers struck out did not show, or purport to show, a copy of the entry about which the witnesses testified.

The inadmissibility of parol evidence to prove the contents of a record was sufficient reason for the suppression of a number of other answers in the depositions of these witnesses, to set out which would serve no useful purpose.

Certain answers of the witness Cullen in regard to a transfer-book were excluded on the trial, for the expressed reason that the plaintiff did not prove, or offer to prove, that by the law of Iowa said book was a public record.   This was a sufficient reason for the action of the court.   Which of two conveyances had priority could not be proved by entries made by a stranger in a book, for the keeping of which there was no law.

All the evidence given on the trial was introduced by the plaintiff. As we have shown, he traced the defendant's title to Kingsley, the conveyance from whom to Myers was dated June 8th, 1868. There was also introduced a patent from the United States to the State of Iowa for said land, dated December 30th, 1869. It is claimed that this proved a paramount title in said State. But said patent purported to convey said land to said State, subject to the disposal of its Legislature, as swamp and overflowed lands, under and in conformity with the swamp-land act of Congress of September 28th, 1850. This patent was evidence that the title to said land vested absolutely in said State at the date last mentioned. *French* v. *Fyan*, 93 U. S. 169; *Martin* v. *Marks*, 97 U. S. 345; *Rice* v. *Sioux City, etc., R. R. Co.*, 110 U. S. 695; *Allison* v. *Halfacre*, 11 Iowa, 450; *Edmondson* v. *Corn*, 62 Ind. 17.

Proof of title in the State of Iowa on the 28th of September, 1850, was not inconsistent with the existence of title in Kingsley on and before the 8th of June, 1868.

In discussing the evidence and instructions to the jury, counsel have suggested that the courts of this State can not take judicial knowledge of the grant of lands by said act of Congress to the State of Iowa. The courts of this State take judicial notice of the act of Congress. Article 6, Constitution U. S.; section 236, R. S. 1881. The plaintiff himself proved by the introduction of said patent, that the particular land in controversy was granted to the State of Iowa.

It is also insisted that when the plaintiff had proved the appellee's covenant of seizin, the burden of proof was thereby cast upon the appellee, and he was bound to prove his title.

The answer of general denial provided for by our code throws upon the plaintiff the burden of proving every material allegation of his complaint. *Lafayette, etc., R. R. Co.* v. *Ehman*, 30 Ind. 83.

We think that where such an answer is pleaded in an action for breach of covenant of seizin in a deed of conveyance, proof of the deed alone will not require proof of the de-

fendant that he has not broken the covenant therein, but the plaintiff, to maintain his action, must himself prove the breach. *Ingalls* v. *Eaton*, 25 Mich. 32.

It being impossible that the appellant could recover under the evidence, it is not necessary for us to examine the instructions given to the jury or refused.

PER CURIAM.—The judgment is affirmed, at the costs of the appellant.

Filed Dec. 17, 1884.