Frank, Administrator, *v*. Grimes.

Filed Feb. 16, 1886.

---

No. 12,100.

## FRANK, ADMINISTRATOR, *v*. GRIMES.

SPECIAL FINDING.—*General Verdict.*—*Inconsistency.*—*Judgment non Obstante.* —*Contract of Settlement.*—Where a complaint declares upon a written instrument, signed by the defendant, setting forth that the parties had " settled all accounts in full up to date, November 27th, 1877, and balance due " the plaintiff $804.21, a special finding by the jury that the defendant executed the instrument, and that he had paid nothing to the plaintiff since its execution, is inconsistent with a general verdict for the defendant on a cross complaint, setting up items of account against the plaintiff which accrued prior to the date of such instrument, and judgment should go accordingly.

SAME.—*Interrogatories to Jury.*—*Submission by Court.*—*Presumption.*—*Cases Modified.*—In the absence of any showing on the subject, when the interrogatories to the jury and their answers to them appear in the record, it will be presumed that the trial court did its duty and submitted to the jury such interrogatories, with instructions to answer the same if they found a general verdict, and the special finding will be considered. Decisions in conflict with this ruling are modified.

From the Allen Circuit Court.

*A. A. Chapin* and *R. P. Barr*, for appellant.

*T. R. Marshall* and *W. F. McNagny*, for appellee.

HOWK, J.—This suit was commenced by Henry Heist, then in full life but since deceased, against the appellee Grimes, in the Whitley Circuit Court. Heist's complaint contained two

paragraphs. The first paragraph counted upon a written instrument, alleged to have been executed by appellee Grimes to Henry Heist, of which the following is a copy:

" Settled all accounts in full up to date, November 27th, 1877, and balance due H. Heist $804.21, to be paid within thirty days from date, or note given one year after date with ten per cent. interest, if he fails to do so.

(Signed) " J. GRIMES."

In the second paragraph Heist alleged that appellee was indebted to him in the sum of $8,738.91, " for money had, and accounts paid, laid out and expended, and personal property sold and delivered, at his special instance and request," whereof a bill of particulars was filed therewith.

Appellee appeared to the action, but, before his answer was filed, on the application of Heist, the venue of the cause was changed to the DeKalb Circuit Court. In that court, before any steps were taken therein, the venue of the cause was again changed to the Allen Circuit Court. There the death of Henry Heist, testate, was suggested to the court, and the appellant, Manoah Frank, administrator with the will annexed of such decedent's estate, was substituted as plaintiff in this action. Appellee then filed his answer in six paragraphs, and, also, his cross complaint in a single paragraph. In the first paragraph of his answer appellee averred, under oath, that he did not, nor did any one thereunto by him lawfully authorized, make, execute or deliver the written instrument counted upon in the first paragraph of complaint. The second paragraph of appellee's answer was a general denial of the —— paragraph of complaint. In his third paragraph of answer appellee alleged that he had fully paid and satisfied the plaintiff's entire cause of action long before the commencement of this suit. In each of the fourth, fifth and sixth paragraphs of his answer appellee pleaded special matters of set-off.

Appellant replied in two paragraphs to the special. paragraphs of appellee's answer, as follows:

1. A general denial; and, 2. Payment in full of the matters of set-off.

In his cross complaint appellee alleged that, in 1870, he entered into a contract with Henry Heist, whereby he was to sell and deliver to Heist, from time to time, all the black walnut, white walnut, poplar, ash, cherry and butternut lumber which appellee could purchase during the continuance of such agreement; that Heist agreed to pay appellee therefor certain named prices; that appellee should deliver the lumber sold to Heist at the various railroad stations, which might be most convenient for appellee, at which stations Heist agreed to inspect and receive the same and pay appellee therefor; that appellee from time to time, during 1870, 1871, 1872, 1873 and 1874, furnished Heist under such agreement a large amount of lumber, of the aggregate value of $13,000, whereof a bill of particulars was therewith filed; that Heist paid appellee on such lumber, from time to time, various sums, amounting in the aggregate to $7,000; that all the accounts, between Heist and appellee, remained open and unsettled, and there had never been an accounting between them; that appellee had often demanded of Heist a settlement of their transactions, but Heist had, upon various pretexts, postponed the same and refused to make any settlement with appellee; and that Heist was indebted to appellee, upon their accounts, in the sum of $5,000, which was due and wholly unpaid. Wherefore, etc.

Issue was joined on this cross complaint by an answer in general denial.

The issues in the cause were tried by a jury, and a general verdict was returned for the appellee, the defendant below. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant under the direction of the court, in substance, as follows:

"1. Did the defendant Grimes execute the instrument sued

upon in the first paragraph of the complaint, on the 27th day of November, 1877? Ans. Yes.

"2. Has the defendant paid anything to the said Heist, or the plaintiff in this cause, since the execution of the instrument sued on in the first paragraph of the complaint? Answer. No.

"3. When did the defendant deliver to the said Henry Heist the last item of personal property which defendant sues for in his cross complaint? If you can not give the exact date give it as near as you can. Ans. The latter part of 1874, or early in 1875.

"4. Was not the defendant's cross complaint filed in this court on the 27th day of February, 1883? Ans. Yes.

"5. If not, state when it was so filed? Ans. ———.

"6. Had not all the items of account named in defendant's plea of set-off accrued prior to the 27th day of November, 1877? Ans. Yes.

"7. How much do you say there is due on the instrument named in the first paragraph of plaintiff's complaint, exclusive of any set-off? Ans. Principal, $804.21; interest at 6 per cent., $282.92; total $1,087.13."

Over the appellant's motion for a judgment in his favor on the special findings of the jury, and his motion for a new trial, the court rendered judgment against him, in appellee's favor, for the sum of $200, the damages assessed by the jury, and his costs in this suit.

In this court appellant has assigned, as errors, the following decisions of the trial court:

1. In overruling his motion for a judgment in his favor, on the special findings of the jury;

2. In overruling his motion for a new trial;

3. In rendering judgment against him, in appellee's favor, for $200; and,

4. In rendering judgment against him, in favor of appellee.

It is first claimed in argument, by counsel for the appellant, that the trial court erred in overruling his motion for

judgment in his favor, on the special findings of the jury, notwithstanding their general verdict. It is clear, beyond all room for doubt, that the special findings of the jury are utterly inconsistent with their general verdict, and can not be reconciled therewith. This is so, because the special findings of the jury affirmatively show that the appellee executed the written instrument, counted upon in the first paragraph of the complaint herein, on the 27th day of November, 1877, and further, that, prior to that date, all the items of account named in appellee's plea of set-off had accrued, and were, therefore, presumptively embraced in the settlement of all accounts mentioned in such instrument. It is clear, also, that these findings are in the record before us, because the statute provides that they are "to be recorded with the verdict." Section 546, R. S. 1881. Ordinarily, "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." Section 547, R. S. 1881. In construing this last provision of our civil code, it has been uniformly held by this court, that, unless the special findings of the jury are irreconcilably in conflict with the general verdict, the latter must stand, and judgment be rendered thereon, without regard to such special findings. *Detroit, etc., R. R. Co.* v. *Barton,* 61 Ind. 293; *Baldwin* v. *Shuter,* 82 Ind. 560; *Grand Rapids, etc., R. R. Co.* v. *McAnnally,* 98 Ind. 412.

The point is made, however, by appellee's counsel, that the special findings of the jury can not be considered by this court, as constituting a part of the record of this cause. Although the appellant's request to the trial court to require the jury, in case they return a general verdict, to answer his interrogatories, and the several interrogatories, and the answers thereto of the jury signed by their foreman, are copied at length in the transcript before us immediately following the general verdict, yet it is claimed by appellee's counsel, that the special findings of the jury are not properly

in the record for our consideration, because, they say, it nowhere appears that the trial court ever submitted such interrogatories to the jury, or instructed them to answer the same, if they found a general verdict. In this position, it would seem that appellee's counsel are possibly sustained by some of our decisions, as applied to the record of this cause. *Cleveland, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478; *Hervey* v. *Parry,* 82 Ind. 263; *Aiken* v. *Ising,* 94 Ind. 507; *Hamilton* v. *Shoaff,* 99 Ind. 63.

On the other hand, it is to be observed that, under our civil code, we have uniformly held that the general verdict, the special findings of the jury on particular questions of fact, the motion for judgment on such special findings notwithstanding the general verdict, the ruling of the trial court on such motion, and the exceptions to such ruling, all constitute proper parts of the record of the cause, on an appeal to this court, without any bill of exceptions or any order of the trial court. *Salander* v. *Lockwood,* 66 Ind. 285; *Terre Haute, etc., R. R. Co.* v. *Clark,* 73 Ind. 168; *Boots* v. *Griffiths,* 97 Ind. 241; *Redinbo* v. *Fretz,* 99 Ind. 458.

In another view of the question under consideration, we are of opinion that the claim of appellee's counsel, that the special findings of the jury are not properly in the record for our consideration, is not well founded and ought not to be sustained. Doubtless, it is true that the special interrogatories must be submitted by the court to the jury, and that the court must instruct the jury, if they render a general verdict, to find specially upon the particular questions of fact, specified in such interrogatories, in their answers thereto; for these are duties which our civil code imperatively imposes upon our courts, in the trial by jury of civil causes. Section 546, R. S. 1881. It is not claimed by appellee's counsel, nor is it shown by the record, in the case in hand, that the trial court did not in fact submit the interrogatories to the jury, or did not in fact instruct the jury, if they rendered a general verdict, to find specially upon the particular

questions of fact specified in such interrogatories. All that is claimed by counsel is, that it nowhere appears in the record that the trial court performed its plain statutory duty in relation to the submission of the interrogatories and the instruction of the jury. This claim is true, but it is equally true that the record does show that the interrogatories were answered by the jury, and their answers over the signature of their foreman were returned by them into court with their general verdict, and, as the statute requires, were "recorded with the verdict." Not only so, but the record further shows that the attention of the trial court was directed to the special findings of the jury, by appellant's motion for judgment thereon notwithstanding the general verdict. If the court had not in fact submitted the interrogatories to the jury, it is fair to assume that, upon the making of such motion, the court would have promptly struck the interrogatories and the answers thereto from the files of this cause, instead of ruling upon the motion as the record shows it did.

In this state of the record, how should we hold upon the claim made by appellee's counsel? Shall we assume, from the mere silence of the record, that the trial court did not in fact submit the interrogatories to the jury, and did not in fact instruct the jury that if they rendered a general verdict, they must answer such interrogatories? Or, are we not bound to presume, as we have often heretofore presumed in similar cases, in the absence of any showing to the contrary, that the trial court performed its plain statutory duty in relation to such interrogatories? In this court, as we have often declared, the presumption is that the trial court has not erred in any of its rulings or proceedings, and this presumption is indulged, until it clearly and affirmatively appears from the record of the cause that error has been committed.

In the *fifth* clause of section 533, R. S. 1881, which is substantially a re-enactment of section 324 of the civil code of 1852 (2 R. S. 1876, p. 167), it is provided that "When the

argument of the cause is concluded, the court shall give general instructions to the jury," etc.  Under this statutory provision we have often held, in cases where the records were silent on the subject, that we must presume the trial court had performed its statutory duty by giving " general instructions to the jury."  Thus, in *Stott* v. *Smith,* 70 Ind. 298, the court said : " Where, as in the case at bar, the contrary is not shown by the record, we are bound to assume that the court discharged its plain statutory duty, and at the proper time gave the jury such ' general instructions.'  These general instructions of the court are not in the record.  In their absence, if it were conceded that the special instructions asked by the appellant stated the law correctly, and were applicable to the case, we would be bound to conclude that the court had refused to give the jury such special instructions, for the reason that their legal substance had been already given, in the court's own language, in its ' general instructions.' "  To the same effect, substantially, are the following cases : *Fitzgerald* v. *Jerolaman,* 10 Ind. 338 ; *Freeze* v. *DePuy,* 57 Ind. 188 ; *Myers* v. *Murphy,* 60 Ind. 282 ; *Bowen* v. *Pollard,* 71 Ind. 177 ; *Morris* v. *Stern,* 80 Ind. 227 ; *Holmes* v. *State,* 88 Ind. 145 ; *Town of Princeton* v. *Gieske,* 93 Ind. 102.

It will hardly do to hold, as it seems to us, that, in the absence of any showing to the contrary, we are bound to presume that the trial court performed its statutory duty in giving general instructions to the jury, but can not presume that the court did its duty in instructing the jury, that, if they render a general verdict, they must answer the interrogatories, as required by section 546, *supra.*  We are of the opinion that the same presumption must be indulged in the latter as in the former case, that the court did its duty in giving the jury the instructions required by law, whenever the record is silent on the subject.  Our conclusion is, therefore, that the special findings of the jury are properly in the record for our consideration, and that the error of the court, in overruling

appellant's motion for judgment on the special findings of the jury, notwithstanding their general verdict, is so saved in and presented by the record of this cause that it must be considered.

From what we have already said in relation to the utter inconsistency between the special findings of the jury and their general verdict, it follows of necessity, we think, that the trial court erred in overruling appellant's motion for judgment on the former, notwithstanding the latter. Our code provides, and our decisions uniformly hold, that where, as in this case, there is such an inconsistency as can not possibly be reconciled between the special findings of the jury and their general verdict, the former shall control the latter, and the court shall give judgment accordingly. Section 547, R. S. 1881; *Thompson* v. *Cincinnati, etc., R. R. Co.*, 54 Ind. 197; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88, and cases cited.

It may seem that what we have said in this opinion, in relation to the submission of interrogatories to the jury, is in conflict with some of the previous decisions of this court, and, perhaps, this is true, but to the extent of any such conflict, it must be held that such previous decisions are modified by this opinion. Our conclusion upon the error already considered, of course, renders it unnecessary for us to consider now any of the questions arising under the other errors assigned by the appellant.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain appellant's motion and to render judgment in his favor on the special findings of the jury, notwithstanding their general verdict.

Filed Jan. 22, 1886; petition for a rehearing overruled April 24, 1886.