By the Court :
The question raised in this case is concerning the refusal of the court of common pleas to instruct the jury to find specially upon particular questions of fact submitted by the plaintiff in error, who was defendant in that court. This was assigned as error in the circuit court, and the judgment of the common pleas was affirmed. It appears from the record that at the close of the testimony, before the argument of the case, and at the time defendant submitted his request to charge, the defendant also submitted to the court, in writing, certain requests to direct the jury to give a special verdict in writing, upon certain issues as follows: (Here follows the title of the case, and continuing) “And we return the questions submitted to us with our answers thereto, as follows, to-wit:” (Here follow the questions with a blank space after each for answers thereto, concluding with) “Upon consideration whereof the court refused each and all of said requests severally, to which refusal defendant then and there excepted.” It does not appear that the court was requested to instruct the jury “to find specially upon particular questions, of fact,” although questions seem to have been prepared and submitted to the court for the purpose of procuring such a special finding. Instead of such a request, the record shows that the defendant requested the court “to direct the jury to give a special verdict in writing upon certain issues,” which is a very different thing. It does not appear that a special verdict on any “issues” was prepared and submitted as is the general and proper practice in such cases. 22 Encv. PI. & Pr., 993; but it does appear that certain “particular questions of fact” were prepared, which coun *404 sel doubtless desired to have answered by the jury. A “particular question of fact” (Sec. 5201, Revised Statutes) is something different from, and less thhn, an “issue;” and the object of the statute is that these special findings, if inconsistent with the general verdict, may control it. Manning v. Gasharie, 27 Ind., 399. It is stated in the record that “upon consideration whereof the court refused each and all of said requests severally.” We are not able to say from that which is disclosed in the printed record that any of these questions called for more than evidentiary matter; but whatever may be the extent to which the trial court may scrutinize the questions submitted and eliminate from them, it has no right to withdraw, or refuse to submit, interrogatories which are pertinent and material. Summers v. Greathouse, 87 Ind., 205; and although, as was held in Schweinfurth v. Railway Co., 60 Ohio St., 215, 232, on authority of Railway Co. v. Dunleavy, 129 Ill., 132, 145, the questions must be such that the answers thereto will establish ultimate and determinative facts, and not such as are only of a probative character; yet this should not be construed to exclude questions the answers to which will establish probative facts from which an ultimate material fact may be inferred as matter of law. This is necessarily so in all cases which involve what are called mixed questions, of law and fact; for there a general verdict implies the finding of the jury upon the ultimate facts which are necessary to support the verdict, while the findings of the jury may be such on the “probative” facts that the necessary legal inference would be exactly the opposite of the finding implied in the general verdict. For example, a general verdict may *405 imply a finding that there had been no payment made on the plaintiff’s claim, while answers, by the jury to interrogatories might disclose such evidentiary facts that the law would conclusively infer that there had been a payment. In such case the interrogatories could not lawfully be excluded from the jury. This in effect, if not in terms, was held-by the unanimous vote of the judges in the case of the Railroad Company v. Hawkins, 64 Ohio St., 391. It was said in the Illinois case above cited: “Doubtless a probative fact from which the ultimate fact necessarily results would be material, for the court could infer such ultimate fact as a matter of law.” 129 Ill., 135, 143. In any event the trial court should exercise great deliberation and caution in the matter of excluding interrogatories from the jury; for, while permitting immaterial questions is not likely to work injury after the verdict, the exclusion of a material one may be fatal to the rights of the party requesting it.
The statute, Sec. 5201, is mandatory upon the court to “instruct the jurors, if they render a general verdict, to find specially upon particular questions of fact;” but it is so mandatory only when the court is so requested to instruct the jurors by either party. That the request for special findings shall contain the condition that the questions shall be answered in case a general verdict shall be rendered, is therefore not a matter of mere form but one of substance. This statute is identical with the statute of. Indiana on the same subject and was adopted from that state. The Supreme Court of Indiana had repeatedly construed the statute as above, before its enactment here, as well as since that time. Manning v. Gasharie, 27 *406 Ind., 399; Killian v. Eigenmann, 57 Ind., 480; Railway Co. v. Bowen, 70 Ind., 478; Taylor v. Burk, 91 Ind., 252; Railway Co. v. Worley, 107 Ind., 320.
When a statute is adopted from another state where it has received a settled construction, the presumption is that such construction'was adopted and that the terms of the statute are used in the same sense. Gray v. Askew, 3 Ohio, 466, 480; Paine v. Mason, 7 Ohio St., 198, 207; Favorite v. Booher, 17 Ohio St., 548, 554; Hilliard v. Gas Coal Co., 41 Ohio St., 662, 669.
From the foregoing it is clear that there are, apparent upon the record in this case, several reasons why the judgment of the court below should be, and it accordingly is,

Affirmed.

Burket, Spear, Davis, Shauck and Price, JJ., concur.