WILLIAM J. MINTER, HIRAM F. SALTMARSH, AND ASHLEY PARKER, PLAINTIFFS IN ERROR, v. CHARLES CROMMELIN.*

Where a patent for land is issued by the officers of the United States, the presumption is that it is valid and passes the legal title. But this may be rebutted by proof that the officers had no authority to issue it on account of the land's not being subject to entry and grant.

The act of March 3, 1817, which was passed to carry into effect the treaty of August 9, 1814, with the Creek Indians, provided in the 6th section that no land reserved to a Creek warrior should be offered for sale by the register of the land-office, unless specially directed by the secretary of the treasury.

The secretary was authorized to decide whether or not the Indian had abandoned the land. If abandoned, it became forfeited to the United States.

Hence, where such a reservation was offered for sale, and a patent issued for it, the presumption is that the secretary had decided the fact of abandonment, and issued the order for the sale.

THIS case was brought up from the supreme court of Alabama, by a writ of error issued under the 25th section of the judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Phillips,* for the plaintiffs in error, and *Mr. Bradley,* for the defendant.

Mr. Justice CATRON delivered the opinion of the court.

The material facts of this case are as follows:—

On the 12th April, 1820, a certificate, No. 28, issued from the land-office of the United States to Tallasse Fixico, a friendly chief of the Creeks, appropriating to his use and occupancy fraction 24, T. 18, R. 18, east of Coosa River, in pursuance of the act of congress of 3d March, 1817, passed to carry into effect the treaty of Fort Jackson, of August 9, 1814, with the Creek Indians.

The reservee, Tallasse Fixico, was in possession of the land, and while in possession, in 1828, he sold it, for a valuable consideration, to George Taylor, to whom he gave a deed and the possession of the land at the time of sale.

The said Taylor, while in possession, in July, 1834, sold to C. Crommelin, the defendant in error, a portion of the land, about forty acres. The purchaser received deeds for the same at the time of sale, dated 12th and 14th July, 1834, and immediately, or a short time thereafter, entered into possession, and has continued in possession until the present time.

On the 4th June, 1839, Isham Bilberry and Samuel Lee obtained from the land-office at Cahawba, a preëmption certificate, No. 35,014, in their favor, under the preëmption act of

---

* Mr. Justice CAMPBELL did not sit in this cause.

1834, for southeast fractional quarter of sec. 24, T. 18, R. 18, being a part of Tallasse Fixico's reservation, and embracing the land in possession of the defendant in error, and which is the land sued for, namely : the forty acres purchased by him from Taylor.

On the same day, namely : 4th June, 1839, Bilberry and Lee assigned the preëmption certificate to the plaintiffs in error, Hiram F. Saltmarsh, William T. Minter, and Ashley Parker, in whose favor a patent was subsequently issued.

The state court charged the jury " that if they found the defendant held for a series of years, and continued to hold possession under deeds from Taylor, and that Taylor held possession under Tallasse Fixico, and that the plaintiffs were never in possession; that then, the defendant held under color of title, and was in a condition to contest the validity of the patent.

" 2. That the certificate of possession which issued to Tallasse Fixico, was an appropriation of the land by the government of the United States to a particular purpose ; and that if Tallasse Fixico, in 1828 or 1829, did abandon said land, it was not subject to entry under the preëmption laws. That the patent, under which the plaintiffs claimed title, was issued under the preëmption laws of the United States ; that the land conveyed by said patent was not subject to entry under preëmption, and that, therefore, said patent had issued contrary to law, and was void."

To this charge the plaintiffs excepted.

A verdict and judgment were rendered for the defendant, and the plaintiffs took up the cause to the supreme court of Alabama, where the judgment was affirmed, to bring up which judgment a writ of error was prosecuted out of this court.

The state court in effect pronounced the patent, under which the plaintiffs claimed title, to be void for want of authority in the officers of the United States to issue it, on the supposition that the land was reserved from sale when it was entered and granted. The presumption is, that the patent is valid, and passed the legal title ; and, furthermore, it is *primâ facie* evidence of itself that all the incipient steps had been regularly taken before the title was perfected by the patent. It has been so held by this court in many instances, commencing with the case of Polk *v.* Wendell, 9 Cranch, 98, 99.

But if the executive officers had no authority to issue the patent because the land was not subject to entry and grant, then it is void, and the want of power may be proved by a defendant at law, 9 Cranch, 99. And the question here is, whether the defendant has proved the want of authority ?

The 6th section of the act of 1817 provides that no land

reserved to a Creek warrior should be offered for sale by the register of the land-office, unless specially directed by the secretary of the treasury. Both by the treaty and the act of congress, it was declared that if the Indian abandoned the reserved land, it became forfeited to the United States. The fact of abandonment, the secretary was authorized to decide, and if he did so find, he might then order the land to be sold as other public lands. The rule being that the patent is evidence that all previous steps had been regularly taken to justify making of the patent; and one of the necessary previous steps here being an order from the secretary to the register to offer the land for sale, because the warrior had abandoned it, we are bound to presume that the order was given. That such is the effect, as evidence, of the patent produced by the plaintiffs, was adjudged in the case of Bagnell *v.* Broderick, 13 Pet. 450, and is not open to controversy anywhere, and the state court was mistaken in holding otherwise.

The defendant being in possession, without any title from the United States, we deem it unnecessary to discuss the effect of the parol proof introduced in the state circuit court to defeat the patent.

It is therefore ordered that the judgment of the supreme court of Alabama, be reversed.