## SUPREME COURT—IN BANCO.

### JANUARY TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### W. H. DAVIS *vs.* CHARLES BREWER.

A PATENT not void on its face, can only be set aside in equity.

Ejectment to recover possession of land in Honolulu held by the defendant under Royal Patent of September 7th, 1857, and claimed by the plaintiff under Land Award issued to him November 6th, 1852. The Judge ruled at the trial that he should instruct the jury that the defendant on this evidence was entitled to a verdict, on the ground that a title by Royal Patent was paramount to that of an award, to

W. H. Davis *v.* Charles Brewer.

which ruling the plaintiff excepted, and his exception being allowed, the case was withdrawn from the jury, with the agreement that if this ruling should be affirmed by the full Court, judgment should be entered for the defendant, otherwise that there should be a new trial.

H. Thompson and W. C. Jones for plaintiff.
A. F. Judd for defendant.

OPINION OF THE COURT BY HARTWELL, J.

Section 43 of the Civil Code, which provides that "a Royal Patent shall issue to any holder of an award from the Board of Commissioners," was not in force at the date of this patent, but the following: "The Minister of the Interior shall issue patents or leases to the claimants of land pursuant to the terms in which the said Board shall have confirmed their respective claims, upon being paid the fees, &c., unless the party entitled to a lease shall prefer to compound with the Minister, as in the succeeding section allowed." Section 9, p. 109, vol. 1, Statute Laws. "The Minister of the Interior shall have power in concurrence with the Privy Council under the sanction of His Majesty, to issue to any lessee or tenant for life of lands so confirmed, being a Hawaiian subject, a patent in fee simple for the same upon payment of a commutation to be agreed upon by His Majesty in Privy Council." Ib., Section 10.

The award by its terms conveys to W. H. Davis "an estate less than allodial which he can change according to law to an allodial title if he chooses, but if not, he has an estate for 30 years." Section 9 above cited gave the Minister of the Interior no authority to issue on this award a Royal Patent, in fee simple, but this he could only do in concurrence with the King and Council on commutation of the price fixed upon, according to the provisions of Section 10. The fee simple patent in that case issued, at the discretion of the officers named, "to the party entitled to a lease." This

was no mere ministerial duty, and does not make it incumbent on the Minister to compound only with the original holder of the lease under the award of the Commissioners. Neither does the statute preclude all claims by an assignee, heir or devisee of the original holder.

It is well known that patents were so issued under this statute, to persons presenting the original award with a legal conveyance thereof. It has been held in the United States that a land patent may be issued to the heirs of the person who held the certificate entitling him to the land. Shanks *vs.* Lucas, 4 Blackf., 476; Forsyth *vs.* Ballance, 6 McL., 562; 2 Wash., Real Prop., 542. This would require evidence that the claimant was the person named in the award, or that he was holding under that person, succeeding to the right of the first holder: To rule that every Royal Patent issued to any person other than the one named in the award is *prima facie* void as against such award would upset land titles and make strange confusion. The presumption on the contrary is, that the patent was issued to the legal holder of, or to the one legally entitled to the award. The words of Lord Coke apply, that royal grants shall "have no strict or narrow interpretation for the overthrowing of them," but "a liberable and favorable construction of them for the making of them available in law, *usque ad plenitudem* for the honor of the King." 2 Inst., 49. "And so note," says the same author, "the gravity of the ancient sages of the law to construe the King's grant beneficially for his honor and the relief of the subject, and not to make any strict or literal construction in subversion of such right." Molyn's Case, 6 Rep., 6. Sovereign grants are said by Mr. Justice Story to be construed against the grantee only in cases of mere donation, and not when there was a valuable consideration, which does not appear as requisite to the award. It is not denied that a patent conveys only a legal title, and leaves the equities open. Brush *vs.* Ware, 15 Pet., 93. But we

merely decide that a patent valid on its face is good in law as the best evidence of title, and that the equities can only be reached in a Court of Equity, and not by an action of ejectment. Otherwise, a Royal Patent "would fail to be as it was intended it should be, an instrument of quiet and security to its possessor," Beard *vs.* Federy, 3 Wallace, 492.

The authorities cited in the brief of the defendant's counsel are conclusive, that a patent not void on its face, or appearing to be issued contrary to law, or without authority, can not be impeached collaterally in a Court of law, and that in order to set aside a patent for mistake, fraud, or other reason, application must be made to a Court of Equity. Green *vs.* Liter, 8 Cr., 250; Stoddard *vs.* Chambers, 2 How., 318; Stringer *vs.* Young's Lessee, 3 Pet., 344; Minter *vs.* Cromelin, 18 How., 87; Bagnell *vs.* Broderick, 13 Pet., 436; Fenn *vs.* Holman, 21 How., 481; Field *vs.* Seabury, 19 How., 322; People *vs.* Livingston, 8 Barb., 253.

Since the foregoing opinion was prepared, the plaintiff's brief has been submitted and examined, which cites the following extract from the Act of July 30th, 1854, page 415 of the Civil Code: "Section 3. Any award of the Land Commission not appealed from within ninety days after its date in accordance with the present laws shall be final and binding on all parties, and shall be a good and sufficient title to the person receiving such award, his heirs and assigns, and shall furnish as good and sufficient a ground upon which to maintain an action for trespass, ejectment, or other real action, against any person or persons whatsoever, as if the claimant, his heirs or assigns, had received a Royal Patent for the same: provided that nothing in this section shall be construed as annulling the government right to commutation in any freehold award as at present established by law." The plaintiff's argument is based on the assumption that only the original holder of an award could receive the patent, and he does not observe that this award gives, not a patent

in fee under Section IX of the Act of 1846, but merely a leasehold interest to be commuted, if desired, into a Royal Patent issuable "*to the person entitled to the lease,*" in the words of the statute, and that this commutation into a fee requires the exercise of a judicial as well as executive function. The Act of 1854 merely gives the holder of an award as good a title for bringing real action as if he himself held the patent, but of course gives him no right of action against any to whom he may have assigned his claim; nor does this Act enable the plaintiff to impeach the patent in law, on the ground of fraud or mistake, or because it was issued in violation of his rights.

The plaintiff's exception is accordingly overruled, and judgment for the defendant, with costs, is ordered.