## UNITED STATES *v.* CULVER *et al.*

*(Circuit Court, W. D. Arkansas. June 29, 1892.)*

1. PUBLIC LANDS—CANCELLATION OF PATENT—MINERAL LANDS.
   Section 2318 of the Revised Statutes of the United States provides "that in all cases lands valuable for minerals shall be reserved from sale, except as otherwise expressly directed by law." In such case, the title of the lands in defendants could not be held valid because acquired against the law.

2. SAME—FRAUD.
   If the lands are valuable for mineral, and they were purchased by defendants as agricultural lands, with the knowledge that they were mineral lands, the patent issued by the government would convey no title, because issued unadvisedly, or by mistake of an officer of the government while acting ministerially. In such a case, the parties purchasing the land are guilty of a fraud, and upon that ground a court of equity will pronounce the patent void.

**3. SAME—PURCHASE IN GOOD FAITH.**
Although there may be no fraudulent concealment by purchasers of the public land at cash entry, yet if, under the law, the lands were reserved from sale, it is the well-settled rule that purchasers obtain no title by their purchase; the sale is absolutely void.

(*Syllabus by the Court.*)

In Equity.

Statement by PARKER, District Judge:

This is a suit brought by the United States for the purpose of procuring the cancellation of two certain patents issued by the government to the defendants to certain lands named in the complaint. The complaint alleges that the lands are mineral, and were known to defendants to be such at the time they were purchased, and that the defendants made the government officers at the time of the purchase certain false and fraudulent statements relating thereto. The lands were purchased by defendant Culver under the proclamation of President Hayes, dated October 8, 1877, offering them, together with a large quantity of other lands, for sale, and were purchased by defendant Culver at the Camden land office, at private sale, about July 7, 1878. They were purchased as agricultural lands. Patents were issued on the 9th day of July, 1878, and on February 12, 1881, to Culver, and on May 11, 1881, Culver, by deed, conveyed the lands to his codefendant, Julian S. Rumsey, for a nominal consideration. That Rumsey was not an innocent purchaser from Culver, but that Culver was simply acting either as partner or agent of Rumsey, and that they both had full knowledge of the mineral character of the lands in question.

*W. H. H. Clayton*, U. S. Dist. Atty.

*Sandels & Hill*, for defendants.

PARKER, District Judge, (*after stating the facts.*) I am satisfied the evidence shows that the lands described in the complaint are lands valuable for mineral. That they are mineral lands, and that Charles E. Culver, the party who actually bought them by private cash entry, knew their mineral character at the time he bought them, and that Julian S. Rumsey, the ancestor of the other defendants, knew of their mineral character at the time Culver conveyed them to him. In fact, while the lands were entered in the name of Culver, they were entered for Culver and Rumsey. That they bought the lands because they desired to hold them as mineral lands. That they both had examined the lands in question, and had had them examined by a mineral expert, who reported to them his belief as to their mineral character. Their act in buying them by cash entry as agricultural land, with such knowledge as to their true character, would vitiate the sale by the government to these parties, and they would not be entitled to hold the land against the government, because of the fraud perpetrated by them upon the officers of the government. It is claimed by the defendants that these lands were thrown open to purchase by cash entry by the proclamation of President Rutherford B. Hayes of October 8, 1877. If they were lands valuable for mineral, they were not so thrown open to purchase by the said proc-

lamation, as the same expressly exempted from sale "all lands appropriated by law for the use of schools, military, or other purposes." If the lands were valuable for mineral by section 2318, Rev. St. U. S., they had already been appropriated for other purposes, and consequently they were not within the proclamation of the president. Section 2318 of the Revised Statutes of the United States provides "that in all cases lands valuable for mineral shall be reserved from sale, except as otherwise expressly directed by law." If these lands were valuable for mineral, the defendant could have no title against the plaintiff, as the lands purchased by defendant Culver were not liable to purchase as agricultural land at the time of the purchase. In such case, the title of the lands in defendants could not be held valid, because acquired against the law. *Stoddard* v. *Chambers*, 2 How. 284. If the lands are valuable for mineral, and were knowingly purchased as agricultural lands, the patent issued by the government would convey no title, because issued unadvisedly, or by mistake of an officer of the government while acting ministerially. In such a case, a court of equity will pronounce the patent void. *U. S.* v. *Stone*, 2 Wall. 525. It is clearly a case where the executive officer had no authority to issue the patent, because the lands were not subject to cash entry as agricultural land. *Minter* v. *Crommelin*, 18 How. 87. If there was no fraudulent concealment by Culver and Julian Rumsey, but, under the law, the lands were reserved from sale, the rule is well settled that the defendants obtained no title by their purchase; that the sale is absolutely void. *Morton* v. *Nebraska*, 21 Wall. 660; *Sherman* v. *Buick*, 93 U. S. 216; *Stoddard* v. *Chambers, supra*. The preponderance of evidence shows that the lands are valuable for mineral, and that the defendant Culver and Julian Rumsey, the ancestor of the other defendants, knew this fact at the time of the purchase of the land.

Upon both legal grounds set out above, the patent must be held void, and a decree should be entered for the cancellation of the same, and it is so ordered.