[No. 18488.    Department One.—December 17, 1896.]

## REBEKAH MARSHALL ET AL., RESPONDENTS, *v* FARMER'S BANK OF FRESNO, APPELLANT.

STATE PATENT—DEED PRIOR TO APPROVAL OF APPLICATION—IMPLIED TRUST — BONA FIDE PURCHASER.—Where an applicant for the purchase of state land made a deed of the land prior to the approval of his application, if the invalidity of such deed makes a subsequent holder of the certificate of purchase, who obtains a patent upon surrender thereof, a trustee of the legal title for the benefit of the heirs of the applicant, such trust is by implication of law only, and no trust so arising can prejudice the rights of an encumbrancer or purchaser of the legal title without notice of the trust.

ID.—EFFECT OF PATENT—EVIDENCE OF RIGHT OF GRANTEE.—A patent from the state running to the grantee absolutely is the highest evidence of transfer of the state's title, and is also evidence that all the steps prescribed for its issuance have been properly taken, and that the certificate of purchase was surrendered by the person entitled to the patent.

ID.—NOTICE OF TRUST—PROTECTION OF PURCHASER FROM PATENTEE.—A purchaser from the patentee is not required to look behind the patent to inquire into the right of the patentee to hold the certificate of purchase, or to see whether the register had not erred or been duped when he made the determination that the patentee was the legal holder of the certificate of purchase.

ID.—VOID JUDGMENT ANNULLING CERTIFICATE—CONSTRUCTIVE NOTICE.— A void judgment annulling a certificate of purchase cannot impart any constructive notice of the rights of heirs of the original holder of the certificate, who had died before the commencement of the state's suit to annul the certificate.

ID.—REDEMPTION OF CERTIFICATE—PRESUMPTION FROM PATENT—NOTICE OF TRUST.—The patent is presumptive evidence that a redemption of the certificate of purchase made by the holder of it who obtained the patent was made in his own right, and such redemption cannot operate as notice of a trust implied against him.

ID.—KNOWLEDGE OF NATURE OF LAND—NOTICE OF FRAUD.—The knowledge by the purchaser from the patentee of the nature of the land, and that it was public and salable in the manner provided by law, and that patent could only be issued upon a certificate of purchase, cannot charge such purchaser with any notice that the patentee was not entitled to the certificate of purchase, or that the patent issued fraudulently.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. WEBB, Judge.

The facts are stated in the opinion.

*Walter D. Tupper,* for Appellant.

A grant takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor. (Civ. Code, sec. 1054.) A grant duly executed is presumed to be delivered at its date. (Civ. Code, sec. 1055.) But the presumption of delivery at its date is not conclusive. (*Treadwell* v. *Reynolds,* 47 Cal. 171.) The delivery of an instrument is a question of fact, depending more upon the intention of the parties than upon the mode of fulfilling the intention, and it cannot be presumed from the mere signing and acknowledgment. (*Boyd* v. *Slayback,* 63 Cal. 493.)

*James H. Budd, Frank H. Short,* and *Nutter & De Vries,* for Respondents.

If the land had been reserved from sale, or previously disposed of, a patent could not issue to anyone except the person for whom it was reserved or to whom it had been disposed, and a subsequent patent to another person, claiming through other proceedings, might be collaterally attacked, at any time and anywhere. (*United Land Assn.* v. *Knight,* 85 Cal. 460; *Carr* v. *Quigley,* 57 Cal. 394; *McLaughlin* v. *Heid,* 63 Cal. 210; *Kile* v. *Tubbs,* 23 Cal. 432; *Terry* v. *Megerle,* 24 Cal. 628; 85 Am. Dec. 84; *Doolan* v. *Carr,* 125 U. S. 619; *Smelting Co.* v. *Kemp,* 104 U. S. 641; *Wright* v. *Roseberry,* 121 U. S. 519; *Polk* v. *Wendal,* 9 Cranch, 87; *New Orleans* v. *United States,*

10 Pet. 730; *Wilcox* v. *Jackson*, 13 Pet. 509; *Doll* v. *Meador*, 16 Cal. 325.)   The certificate of purchase from the state to Marshall is not only *prima facie*, but primary evidence of the ownership of the land described therein.   (Code Civ. Proc., secs. 1829, 1833, 1925; 1 Greenleaf on Evidence, secs. 84–6.)   The patent, being issued on Marshall's certificate, and for lands belonging to him, must be held in trust.   (6 Lawson's Rights, Remedies, and Practice, 2696; *Estrada* v. *Murphy*, 19 Cal. 272; *Emeric* v. *Penniman*, 26 Cal. 124; *Wilson* v. *Castro*, 31 Cal. 434; *Bludworth* v. *Lake*, 33 Cal. 263; *Schmitt* v. *Giovanari*, 43 Cal. 622; *Shepley* v. *Cowan*, 91 U. S. 340.)   If a party be dead at the time of commencement of an action, the judgment is, as to him and his heirs, an absolute nullity.   (*Allen* v. *Anderson*, 12 Am. Dec. 521; *Castes* v. *Carriger*, 3 Yerg. 411; 24 Am. Dec. 585; Code Civ. Proc., secs. 1916, 1917, 1968; *Bollinger* v. *Chouteau*, 20 Mo. 89; *Williams* v. *Hudson*, 93 Mo. 524; *Crosley* v. *Hutton*, 98 Mo. 196; *Graves* v. *Ewart*, 99 Mo. 1; *Smith* v. *Reed*, 52 Cal. 345; *McCreery* v. *Everding*, 44 Cal. 284; *Wilcox* v. *Jackson*, *supra*.)

THE COURT.—Upon further consideration of this cause in Bank, we adhere to the views expressed in the opinion filed in Department One, and for the reasons therein given the judgment and order denying defendant's motion for a new trial are reversed.

BEATTY, C. J., did not participate in the foregoing decision.

TEMPLE, J., being disqualified, did not participate in this decision.

The following is the opinion of Department One, above referred to, rendered on the 25th of November, 1895.

BRITT, C.—Plaintiffs seek in this action to have the defendant declared the trustee for them of the title to

certain land situate in the county of Fresno, and to compel conveyance thereof.

Plaintiffs are the heirs at law of one Thomas Marshall, who died October 25, 1882. On June 13, 1868, said Thomas Marshall made application in the state land-office to purchase the land in question, the same being the east half of a certain sixteenth section. His application was approved May 10, 1869, and a certificate of purchase was issued to him on July 6, 1869. These proceedings were under the act then in force (Stats. 1867–68, p. 507) providing for the sale of lands belonging to the state. Marshall made a quitclaim deed of the land, bearing date January 8, 1868, to one B. F. Langford, which the court finds was delivered February 5, 1869. This deed purported to authorize Langford to receive a certificate of purchase or patent for the land in his own name. April 29, 1886, Langford executed a deed of the land to David S. Terry. On July 10, 1886, the state commenced an action in the superior court of Fresno county to annul said certificate, as provided in section 3548 of the Political Code, for nonpayment of interest on the deferred installment of purchase money. Thomas Marshall was the sole defendant named in that action. Publication was made of the summons, and on December 28, 1886, judgment was entered, declaring said certificate of purchase null and void, and that all persons claiming under Marshall were barred of all right in the certificate and in the land after the filing of a certified copy of the judgment with the register of the state land-office, and a like notice with the recorder of Fresno county; such copies were filed accordingly within twenty days after the entry of the judgment. (Pol. Code, sec. 3550.)

Before the expiration of a year from the entry of the judgment, said Terry made to the county treasurer the payments necessary for redemption therefrom as permitted by the act of March 7, 1881 (Stats. 1881, p. 65); and also paid the balance of principal and interest then due the state for the land. He then had possession of

the certificate of purchase, and in January, 1888, he surrendered the same to the register, and thereupon received a patent for the land, dated January 24, 1888, signed by the governor and otherwise attested as required by law. The patent recited a certificate of the register, to be presently noticed, and by its terms the land was granted to Terry and his heirs and assigns forever.

In March, 1888, Terry exhibited the patent to the defendant bank, and upon his title so evidenced obtained a loan of ten thousand dollars, he executing a mortgage on the land and some other parcels to secure payment of the loan. Terry died, and the money was not repaid to the bank. It brought its action to foreclose said mortgage, and obtained judgment for that purpose, and caused the land to be sold by the sheriff pursuant to such judgment. It became the purchaser at the sale, and on January 16, 1891, received the sheriff's deed of the land.

There was testimony at the trial, uncontradicted so far as we discover, that Langford had possession of the land from the time of the approval of the location until the death of Terry—leasing it to "sheep men." The court held, however, that the deed to Langford, being executed before Marshall's application was approved, was ineffectual to pass any interest to the former; that the register mistook the law in subsequently holding that it did; and further found that Marshall delivered the certificate of purchase to Terry, but never made any assignment thereof; that Terry held the same as attorney and agent for Marshall, and as trustee for his heirs; that he fraudulently induced the register to believe him to be the owner of the certificate, and so obtained the patent in his own name, and held the title in trust for plaintiffs; and that defendant had knowledge of the relation of trust occupied by Terry at the time of its loan to him. The judgment required defendant to convey the land to plaintiffs.

The sufficiency of the evidence to justify the conclu-

sion of Terry's trusteeship seems doubtful; but we need not examine that question; there is neither finding, allegation, nor proof of the time, circumstances, or purpose of the delivery of the certificate by Marshall to Terry, and it is obvious that if Terry held the title in trust at all, it was so by implication of law only; and no trust so arising can prejudice the rights of an encumbrancer or purchaser of real property for value and without notice of the trust. (Civ. Code, sec. 856.) We are unable to find in the record any evidence to support the finding that defendant had such notice. It is not claimed, indeed, that the defendant had actual knowledge of any interest of plaintiffs in the land, but it is said that such knowledge is imputed to it because of the existence of circumstances which it was bound to know.

The patent ran to Terry absolutely; it was the highest evidence of transfer from the state of its title; and was also evidence that all the steps prescribed for its issuance had been properly taken. (*Heinlen* v. *Heilbron,* 97 Cal. 101; *Minter* v. *Crommelin,* 18 How. 87.) The certificate of purchase was assignable. (Pol. Code, sec. 3515; Stats. 1867-68, p. 528.) The law made it the duty of the register to prepare the patent " upon the surrender of the certificate of purchase by the person entitled to the same," and to certify to the governor that the party named in the prepared patent is entitled to it. (Pol. Code, sec. 3519.) The patent recited a certificate conforming to said section 3519, stating that the land had been located in accordance with the law, and that Terry was entitled to receive the patent for the same; there is no claim that the patent misrecited such certificate. Certainly, on its face, there appeared no ground to suspect that the register had mistakenly determined that Terry was the legal holder of the certificate of purchase, and of right entitled to the patent. The defendant was not required, as regards the alleged interest of plaintiffs, to peer behind the patent to see whether the register had not erred or been duped when he made that determination. (*Schnee* v. *Schnee,* 23 Wis.

377; 99 Am. Dec. 183—a case much resembling the present in several important features.)

The record of the judgment annulling the certificate of purchase gave no notice of the rights of plaintiffs; if, as is contended by respondents in their argument, it was void for want of jurisdiction in the court owing to the fact of Marshall's death long prior to the commencement of the state's suit, then, since a void judgment is, in legal effect, no judgment (1 Freeman on Judgments, 117), it could impart no constructive notice; but, if it was valid, it operated to extinguish the rights of all persons claiming under Marshall, including plaintiffs. And if defendant was bound to know further that Terry redeemed from the judgment, here again the patent was presumptive evidence that he had done so in his own right.   As to the further suggestions, that defendant had notice that the land was school land, and that patents for such land could only be issued upon certificates of purchase—from which respondents seem to draw the inference that defendant should have known who was owner of the certificate—it may be observed that these considerations establish no more than that the land was public, and salable in the manner provided by law; facts which cannot charge defendant with notice that the patent issued fraudulently.   (*People* v. *Swift*, 96 Cal. 170.)

The judgment and order denying defendant's motion for new trial should be reversed.

SEARLS, C., and BELCHER, C., concurred.