[Civ. No. 813. Third Appellate District.—February 18, 1911.]

LOUISE B. GODDARD, MALCOLM GODDARD and FLORENCE GODDARD, Appellants, v. C. E. EMERSON, as Sheriff of Lassen County, Respondent.

STATE LANDS—FORECLOSURE OF CERTIFICATE OF PURCHASE—TIME FOR REDEMPTION—EXTENSION BY STATUTE—CODE PROVISION SUPERSEDED.—Since the passage of the act of March 7, 1881, the time for redemption from the foreclosure of a certificate of purchase of state lands for the nonpayment of interest is no longer restricted to the time or conditions mentioned in section 3551 of the Political Code, the terms of which are superseded by that act, which extends such time to the limit of twelve months after the foreclosure of the certificate is "completed," which imports the entry of the decree.

ID.—DUTY OF DISTRICT ATTORNEY TO FILE CERTIFIED COPIES OF DECREE NOT SUPERSEDED—TIME FOR REDEMPTION NOT AFFECTED.—The duty cast upon the district attorney by section 3550 of the Political Code, within twenty days after the entry of the decree of foreclosure, to file certified copies thereof in the office of the register of state lands, and in the recorder's office of the county in which the land is situated, is not superseded by the act of March 7, 1881, but the filing of such certified copies cannot operate to extend the time for redemption under that act.

ID.—OFFER OF REDEMPTION TOO LATE—MANDAMUS—JUDGMENT UPON DEMURRER TO COMPLAINT.—An offer of redemption from the foreclosure of a certificate of purchase, made eighteen months after the entry of the decree of foreclosure, is too late; and a judgment was properly rendered for defendant upon demurrer to a complaint in *mandamus* to enforce such redemption.

APPEAL from a judgment for defendant upon demurrer to a complaint in *mandamus* in the Superior Court of Lassen County. F. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

Pardee & Pardee, for Appellants.

Rankin & Julian, for Respondent.

CHIPMAN, P. J.—This is an action to compel the defendant, by the writ of *mandamus*, to receive payment, by way

of redemption, of the amount necessary to redeem a certain certificate of purchase for school land from a judgment of foreclosure. The trial court sustained a general demurrer to the complaint and entered judgment for defendant and plaintiffs appeal from said judgment.

It appears from the complaint: That plaintiffs are heirs at law of one Clark L. Goddard, to whom, on July 15, 1904, the state issued a certificate of purchase of certain school land, situated in Lassen county, which certificate showed payment of twenty per cent of the purchase price and legal interest to January 1, 1905; that in the month of ————, 1907, the state, by the district attorney of said county, commenced an action to foreclose and annul the said certificate of purchase because of default in the payment of interest then due for the years 1905, 1906 and 1907, upon the unpaid balance of the said purchase price of said land; that on June 9, 1908, a judgment was given and made in said action against said Clark L. Goddard, of which a copy was filed in the office of the county recorder of said county on June 10, 1908, and another copy thereof was filed in the office of the register of the state land office, on or about June 17, 1908; that no other or any certified copies of said judgment were ever or at any time filed in said recorder's or said register's office; that on December 29, 1909, plaintiffs tendered and offered to pay to defendant, by way of redemption of said certificate of purchase, under the provision of section 3551 of the Political Code, the sum of $66.05, being the amount of said judgment and costs in said action and interest accruing thereon, and "then offered to pay said sheriff the full amount of all interest, costs, penalties and claims of every kind which were then payable for the purpose of redeeming said certificate of purchase, and restoring and having said judgment vacated and said action dismissed, but said defendant refused to accept said payment, or to accept any payment by way of redemption or to allow said certificate of purchase to be redeemed."

The validity of the judgment, as entered June 9, 1908, is not disputed. The question now presented arises out of what is claimed to have been a premature filing of the copies of the judgment in the recorder's and register's office. The filing was made in the recorder's office one day after the entry of

the judgment and in the register's office eight days after the judgment was entered. The statute law, as found in the Political Code, is as follows:

"Sec. 3550. Twenty days after the entry of judgment the district attorney must file in the office of the register, and in the recorder's office of the county in which the land is situated, certified copies thereof.

"Sec. 3551. The holder of the certificate of purchase may, at any time before such filing, pay to the sheriff the amount due the state, and the costs of suit that have accrued up to the time of payment; whereupon the district attorney must dismiss the suit or vacate the judgment, and the purchaser or holder of the certificate of purchase is restored to his rights in the premises."

The provisions relating to proceedings against delinquent purchasers of state land are found in title VIII, chapter 1, article VI, sections 3546 to 3556 of the Political Code, and appear to be a codification of parts of the act of March 28, 1868. (Stats. 1868, p. 507.) Section 66 of that act provided that: "When a decree shall have been obtained, and within twenty days after the entering up of said decree, the district attorney shall cause a certified copy of said decree to be filed in the office of the register of the state land office and another certified copy in the recorder's office of the county in which the land is situate. The holder of the certificate of purchase may, at any time before the expiration of the twenty days provided for filing a certified copy . . . pay to the sheriff," etc., the provision being much the same as in section 3551 of the Political Code, *supra.* Section 66 of the act of 1868 is carried into the Political Code and made the subject of the two sections, *supra.*

On March 7, 1881 (Stats. 1881, p. 65), the legislature passed an "act to enable purchasers of state lands to redeem the same, where their title has been or may hereafter be foreclosed for nonpayment of interest." It reads:

"Section 1. In all cases where the title of purchasers of land from the state has been foreclosed, or attempted to be foreclosed, for nonpayment of interest, said purchasers, their executors, administrators, or successors in interest shall have twelve months after said foreclosures are or have been completed, within which to redeem such land by paying to the

county treasurer, for the benefit of the fund, or parties entitled thereto, all delinquent interest, and interest that would have accrued in case there had been no foreclosure; also all costs of foreclosure to be paid to the fund, or the parties who paid said costs. When said payments are made, and indorsed on the certificate of purchase, specifying the amount paid as interest and for costs, and duly reported to the register of the land office, the annulments shall be canceled by said officer, and the rights of the purchasers shall thereby be fully restored.''

The act of 1881 seems not to interfere with or change the duty of the district attorney in the requirement of section 3550 to file copies of the decree as there directed, but it does appear to change and enlarge the right of redemption by the holder of the certificate of purchase. The right under the act of 1881 may be exercised at any time within twelve months ''after said foreclosures are or have been completed,'' which would be upon the entry of judgment. In the case of *Marshall* v. *Farmers' Bank of Fresno,* 115 Cal. 330, [42 Pac. 418, 47 Pac. 52], the copies ''were filed within twenty days after the entry of the judgment'' (Pol. Code, sec. 3550), and redemption was ''before the expiration of a year from the entry of the judgment,'' under the act of 1881. The case, however, turned upon the conclusiveness of the patent thereupon issued, and did not determine the question here. It does, inferentially, nevertheless, seem to recognize the force of the act of 1881, as superseding the provisions of section 3551 of the Political Code. It seems to us that, in view of the later act, the right to redeem is no longer restricted to the time or conditions mentioned in section 3551, but is derived from the act of 1881, and is no longer to be governed by the filing or failure to file copies of the decree as provided in section 3550. A duty is by that section still cast upon the district attorney, and whether he discharges it before or after the expiration of twenty days from the entry of the decree, the purchaser has twelve months, and no longer, from the completion of the foreclosure, i. e., the entry of the decree, within which to redeem. The act of 1881 changes the rule which would govern if the right of redemption depended wholly upon the two code sections cited. Appellant did not

offer to redeem until eighteen months after the entry of the decree.  This was too late.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1911.