Cramer v. Keller.

CRAMER *et al.* v. KELLER *et al.*, *Plaintiffs in Error.*

1. **Swamp Lands:** ACT OF CONGRESS OF SEPTEMBER 28, 1850 : RELATION OF PATENT TO DATE OF ACT. Under the act of congress of September 28, 1850, donating swamp and overflowed lands to the states, the title conveyed by the patent to the state, upon the identification of the land, related back to the date of the act.

2. —— : ——. The secretary of the interior alone had the power to approve and give validity to selections made under the act.

3. —— : ACT OF CONGRESS OF MARCH 3, 1857. The confirmatory act of congress of March 3, 1857, made selections valid, although they did not have the personal approval of the secretary of the interior. But it applied only to lands that were vacant and not appropriated ; lands which had been sold by the United States, or entered with land warrants, before patents issued to the state under the act were exempt from its operation.

4. —— : —— : PATENT: BURDEN OF PROOF. A patent is *prima-facie* evidence that all necessary steps to issuing it have been taken. One who seeks to avoid a patent to the state, upon the ground that the secretary of the interior did not approve the selection of the land patented as required by the act of congress of September 28, 1850, and that it was entered before the passage of the confirmatory act of March 3, 1857, must prove such failure of the secretary to make the approval.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*E. R. McKee* for plaintiffs in error.

The executive department of the United States had no right or authority to cancel the patent issued to the state of Missouri and issue one in lieu thereof to Nancy A. Brandon. Title was fully vested in the state of Missouri and she could not be divested thereof by the executive officer, and the trial court had no right to take into consideration whether or not same were swamp or overflowed lands when selected or patented, neither should judgments be rendered for rents and damages against defendants, McKee and Melton. *Railroad v. Smith*, 9 Wall. 95; *French v. Fyan*, 93 U. S. 169; *Moore v. Robbins*, 96 U. S. 530; *U. S. v. Schurz*, 112 U. S. 378; *Jasper Co. v. Mickey*, 4 S. W. Rep. 424.

*H. F. Millan* for defendants in error.

(1) Under the swamp-land act of September 28, 1850, before the state could acquire a right to any particular tract of land as swamp land, it must be selected and designated as such, and the selection approved by the secretary of the interior, and by him only, and this was a condition precedent to the passing of title. 9 U. S. Stat. at large, 519; *Prior v. Lambeth*, 78 Mo. 538; 97 U. S. 347. (2) The selections as swamp land not having been approved by the secretary of the interior prior to the act of 1857, and that act reserving all lands that had been sold by the United States and confirming the titles of such purchasers, and plaintiffs' entry having been made in 1855, it follows that at the time plaintiff bought from the United States the state of Missouri had no title, no interest in the land, and plaintiffs' certificate of purchase passed the title. The state and county were donees, not purchasers.

BLACK, J.—This is an action of ejectment for a parcel of land in Adair county.

Plaintiffs derive title to the land from Nancy Brandon, who entered it at the local United States land

office on the twelfth of June, 1855. Pursuant to that entry a patent was issued to her, dated the twenty-fourth of December, 1874. The land was patented to the state, under the act of congress of September 28, 1850, donating swamp and overflowed lands to the different states where located, on the thirtieth of July, 1858, and by the state to Adair county in 1869. The defendants derive title from the county. On this state of facts, the circuit court gave judgment for the plaintiffs, to reverse which the defendants sued out this writ of error.

Whilst the first section of the act of congress of September 28, 1850, donating swamp and overflowed lands to the states, uses words of present grant, the second section makes it the duty of the secretary of the interior to make out a list of the swamp lands and transmit the same to the governor, and it is on this list patents are issued to the state at the request of the governor. The land being identified and a patent issued to the state, the title relates back to the date of the act. *Martin v. Marks*, 97 U. S. 345. The secretary of the interior, however, and he alone, had the power to approve and give validity to selections made under the act. *Prior v. Lambeth*, 78 Mo. 538. It seems that in many instances he did not perform this personal duty devolved upon him. In view of this congress passed the confirmatory act of March 3, 1857. (11 U. S. Stat. 251.) By this act, selections of swamp lands theretofore made, and reported to the commissioner of the general land office, are confirmed to the states; so that this act makes valid such selections, though they did not have the personal approval of the secretary of the interior. This confirmatory act applied only to lands that were vacant and not appropriated, and lands which had been sold by the United States or entered with land warrants, before patents, issued to the state, are exempt from its operation.

The argument of the plaintiffs below, defendants in error here, is that the secretary of the interior did not approve selections of this land as swamp land, so that the state must rely upon the confirmatory act of 1857 ; and, since Nancy Brandon purchased and paid for it by entry at a local land office in 1855, and before a patent was issued to the state, her purchase is protected and the land exempted from the operation of the confirmatory act, and hence she had the better title. The difficulty with this argument is this, there is no evidence as to how or by whom this land was selected as swamp land. There is not a word of evidence on this subject, save the patent itself. The two patents are in evidence, nothing more. The patent to the state purports to be made under and pursuant to the act of September 28, 1850. It was held as far back as *Polk v. Wendal*, 9 Cranch, 87, that when a patent is issued, the necessary steps to issuing the same will be presumed to have been performed. The patent is *prima-facie* evidence that all the incipient steps have been regularly taken. *Mintor v. Crommelin*, 18 How. 87. If, therefore, the plaintiffs seek to avoid the patent to the state on the ground that the secretary of the interior did not approve the selection of the land in question, they must make proof of that fact. The presumption to begin with is against them. Because this fact has been made to appear in other cases, it seems to be supposed we can incorporate the facts of those cases into this one. This we cannot do. This case must be determined from the facts in the present record.

Until the facts of this case are developed we do not feel justified in giving it any further consideration. The judgment is reversed and the cause remanded. All concur.