LEWIS COUNTY, a Political Subdivision of the State of Missouri, Plaintiff-Appellant,

v.

TEXAS COUNTY, a Political Subdivision of the State of Missouri, Defendant-Respondent.

No. 11034.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 10, 1979.

J. Patrick Wheeler, Canton, for plaintiff-appellant; Jules Victor DeCoster, Canton, of counsel.

Wm. Duke Hiett, R. M. Becker, John S. Beeler, Houston, for defendant-respondent.

BILLINGS, Presiding Judge.

Suit to quiet title to 120 acres of land located in Texas County. The trial court found and determined title to the tract was in Texas County and quieted title accordingly. We reverse and remand with directions.

Plaintiff Lewis County based its claim of title on an indemnity patent from the United States to the State of Missouri and a patent from the State of Missouri to Lewis County, both patents arising out of federal and state swamp land legislation. Inherent in the trial court's ruling is that the 120-acre tract in Texas County was swamp land[1] under United States and Missouri law.

In 1850 the Congress of the United States enacted what is commonly referred to as the Swamp Land Act of 1850.[2] Swamp and overflowed lands in Arkansas and the other States of the Union were granted to said States. Inter alia, the Secretary of the Interior was directed to make out a list and plats of such lands, transmit the same to the governors of the states involved, and, at the request of the governors, cause patents to be issued to the respective states of such swamp and overflowed lands.

In 1855 Congress passed an "Act for the Relief of Purchasers and Locators of Swamp and Overflowed Lands."[3] In summary this law provided that purchasers and locators of swamp and overflowed lands who had made entries of such public lands prior to the issuance of patents by the states involved were entitled to have patents issued by the United States. Section 2 of this Act, applicable to this case, provided: "That upon due proof . . . that any of the lands purchased were swamp lands . . . the purchase-money shall be paid over to the said State or States; *and where the lands have been located by warrant or scrip,*[4] *the said State or States shall be authorized to locate a quantity of like amount, upon any of the public lands subject to entry . . . ."* (Our emphasis).

---

1. Letters received in evidence from the Missouri Department of Conservation, the United States Forest Service, and Texas County Court indicate the following: a sale of the lands by Lewis County of the Missouri Department of Conservation; an exchange of property between the Missouri Department of Conservation and the U. S. Forest Service; and that the 120-acre tract was "completely wooded" and adjacent to Mark Twain National Forest.

2. Act Sept. 28, 1850, c. 84, 9 U.S.Stat. p. 519; now 43 U.S.C.A. Ch. 23.

3. Act March 2, 1855, c. 147, 10 U.S.Stat. p. 634.

4. *Scrip*: "A certificate (as issued by a federal or state government) that the holder is entitled to take up or receive an allotment of land."

Webster's Third New International Dictionary, Unabridged (1971).

"*Swamp Land Scrip*: "This scrip was issued to these who might do the work of drainage and reclamation, or, perhaps, at times for cash to be expended upon such work, and later on, at the will of the holder of such scrip or of his assignees, it was 'located,' as it was locally called, by selecting from the list of the local register of lands those certain swamp lands which the 'locater' desired to buy. Afterwards such swamp land scrip was turned into the receiver of public moneys of the local land office, who thereupon issued a *certificate of entry* . . . to the holder of the scrip who was the purchaser of the land. This receipt, or certificate of entry, entitled the purchaser to a patent . . . ." Woodson, P. J., in *Russ v. Sims*, 261 Mo. 27, 169 S.W. 69, 72 (1914).

Another Act of Congress in 1857[5] confirmed the selection of swamp and overflowed lands granted to the States by the Swamp Land Act of 1850 "so far as the [swamp lands] shall remain vacant and unappropriated, and not interfered with by an actual settlement under any existing law of the United States," and continued in force the Act of 1855.

The Missouri Legislature, shortly after passage of the Swamp Land Act of 1850, began enacting legislation relative to the swamp lands located within Missouri. Woodson, P. J., in the scholarly and informative opinion, cited in footnote 4, traces the various laws passed by our General Assembly which culminated in the Missouri Swamp Land Act of 1868[6] and now found in Chapter 241, RSMo 1978.

In this case defendant Texas County contended, and the trial court found, that the title to the 120-acre tract passed to Missouri under the United States Swamp Land Acts of 1850 and 1855 and was automatically transferred to Texas County by the Missouri Swamp Land Act of 1868. We disagree.

As noted earlier, the trial court's conclusion is necessarily bottomed upon the assumption that the 120-acre tract of Texas County land was swamp land. The record is devoid of any evidence to support such an assumption and there is no patent from any government, federal or state, to Texas County. Conversely, the *only* evidence demonstrates Lewis County received a patent to the subject property from the State of Missouri as *indemnity for swamp land* pursuant to the indemnity provision found in Section 2 of the Congressional Swamp Land Acts of 1855 and 1857, and Sections 25 and 26 of Missouri's Swamp Land Act of 1868.

Indemnity Patent No. 3, issued November 4, 1872, by the United States to the State of Missouri, inter alia, states:

> "*And Whereas*, in pursuance of said Acts of March 2, 1855, and March 3, 1857, a Special Certificate, numbered three, and dated the Sixth day of December, 1869, has been issued by the Commissioner of the General Land Office, Authoriz-

---

5. Act March 3, 1857, c. 117, 11 U.S.Stat. p. 251.

6. Section 1. In order to provide for the reclamation of all overflowed and swamp lands which were granted to the State [of] Missouri for that purpose by an act of congress, entitled "an act to enable the State of Arkansas and other states to reclaim the swamp lands within their limits," approved September twenty-eight, one thousand eight hundred and fifty, all of said lands in this state are hereby donated to the counties in which they may be, respectively, situated, and shall be the absolute property of such counties, for the purposes hereinafter designated; and the register of lands is hereby required to furnish to the clerks of all the county courts a certified copy of the approved and corrected lists of the swamp lands in each county whenever called for by the said clerk or clerks.

\*  \*  \*  \*  \*  \*

Sec. 24. The governor of the state is hereby authorized to relinquish the title of the state to such swamp and overflowed lands as may have been sold by the general government since the passage of the law donating said lands to the state in which they lie, whenever the counties interested in said lands may, by an order of the county court, authorize him so to do.

Sec. 25. It is made the duty of the register of lands of this state to act as swamp land agent, to locate such public lands as the State of Missouri may be authorized to locate under

the provisions of the act of September 28, 1850, granting swamp and overflowed lands to the State of Missouri, and other acts of congress since that time passed relating to said lands, and to obtain the right of the State under said acts, and settle and adjust any and all claims the State of Missouri may have against the United States, growing out of said grants of land. He shall receive all moneys or scrip from the general government due the various counties as indemnity on account of swamp and overflowed lands sold by the government of the United States since the donation of said lands to the State of Missouri, and deposit the same in the state treasury, and cancel all records in his office on which indemnity money has been received. He is authorized to obtain such proof from the various county courts as is necessary to secure the indemnity money from the general government; and he is hereby empowered to employ assistants for the performance of the duties required in this act, subject to the approval of the governor.

Sec. 26. It is made the duty of the treasurer of this state to pay said money or scrip mentioned in the preceding section to the authorized agents of the counties to which said money or scrip may be made payable by the provisions of this act.

\*  \*  \*  \*  \*  \*

ing the State of Missouri to locate the quantity of one hundred and twenty acres, (120) as the indemnity contemplated by the Second Section of the aforesaid Act of March 2, 1855, and the said certificate having been returned to the General Land Office accompanied by a list showing the selection in satisfaction thereof of the lands hereinafter described, situate in the District of Lands Subject to Sale at *Ironton, Missouri*, to wit: [describing the subject lands]."

The patent from the State of Missouri to Lewis County, issued December 20, 1872, is as follows:

"Whereas, Under the Acts of Congress of September 28, 1850, entitled 'An Act to enable the State of Arkansas and other States to reclaim the Swamp Lands within their limits,' and of March 2, 1855, entitled 'An Act for the Relief of Purchasers and Locators of Swamp and Overflowed Lands;' also of March 3, 1857, entitled 'An Act to confirm to the several States the Swamp and Overflowed Lands, selected under the act of September 28, 1850,' the following described lands have been patented by the United States to the State of Missouri, on the Fourth day of November, 1872, Patent No. 3; and

"Whereas, by Section 1 of an act of the State of Missouri, approved March 27, 1868, entitled 'LANDS–SWAMP,' the Swamp and Overflowed Lands were donated to the several counties wherein they are situated, and

"Whereas, Under the provisions of Section 25 of the aforesaid act, the following described lands were located as 'Indemnity' for Swamp and Overflowed Lands, situated in Lewis county, to wit: Township Thirty-three (33) North of Range Ten (10) West (Ironton District) The Southwest Quarter of the Southeast Quarter of Section Twenty (20) and the East half of the Northeast Quarter of Section Twenty-nine (29) containing in the aggregate One hundred and Twenty acres (120).

"NOW, THEREFORE, KNOW YE, That the State of Missouri, in consideration of the premises, and in conformity with the act of the General Assembly aforesaid, Has Given and Granted, and by these presents Does Give and Grant unto the said county of Lewis, in fee simple, subject to the disposal of the County Court thereof, and subject also to the various restrictions of law, the tracts of land above described; To Have and to Hold the same together with all the rights, privileges, immunities and appurtenances thereto belonging, unto the said county of Lewis in fee simple, and to its assigns forever."

The patent was signed by the Governor, Register of Lands, and Secretary of State and duly recorded in the Indemnity Swamp Land Patents record.

The patents are prima facie evidence that all the required statutory steps, federal and state, were taken. *Cramer v. Keller*, 98 Mo. 279, 11 S.W. 734 (1889). The United States patent shows the State of Missouri was permitted to select 120 acres of public lands in lieu of and as indemnity for Lewis County swamp lands which had previously been purchased or located. The patent from the State of Missouri demonstrates that Missouri had relinquished the Lewis County swamp lands, as specifically authorized under Section 24 of the Missouri Act, in return for 120 acres of other public lands, as provided for in the indemnity section of the Federal Act. By Sections 25 and 26 of the Missouri Act the 120 acres of public and indemnity land, the subject of this suit, was in turn patented to Lewis County. Just as the State of Missouri could not question this transaction, neither can Texas County, a mere political subdivision of the state. *Rogers Locomotive Machine Works v. American Emigrant Co.*, 164 U.S. 559, 17 S.Ct. 188, 41 L.Ed. 552 (1896).

In support of the judgment defendant Texas County cites and relies upon *Simpson v. Stoddard County*, 173 Mo. 421, 73 S.W. 700 (1903), *Morgan v. Stoddard*, 187 Mo. 323, 86 S.W. 133 (1905), and § 241.010, RSMo 1978. In both *Simpson* and *Morgan*

the land in controversy was swamp land and neither of these cases are applicable to the instant lands. Likewise, § 241.010, RSMo 1978, can be of no help to defendant Texas County because this statute donates *swamp lands* to the counties in which they are located. Not only is there no evidence suggesting the 120 acres in this case was swamp land, the Indemnity Patent from the United States to the State of Missouri and the latter's patent to Lewis County squarely negate the acreage being swamp land.

We hold the judgment of the trial court is not supported by substantial evidence and is against the weight of the evidence. Further, it erroneously declares the law and erroneously applies the law. Thus, the judgment cannot stand. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment quieting title to the 120 acres is reversed and this cause is remanded and the trial court is directed to quiet the title in the lands in Lewis County.

All concur.